1  **ERIC M. SAFIRE, SB#98706**
   LAW OFFICES OF ERIC M. SAFIRE
2  2431 Fillmore Street
   San Francisco, CA 94115-1814
3  Tel:      (415) 292-1940
   Fax:      (415) 292-1946
4  eric@safirelaw.com

5  Attorney for Claimants
6  EBRAHIM & VALINTIN POURA

7

8

9

10                        **UNITED STATES DISTRICT COURT**

11

12                      **NORTHERN DISTRICT OF CALIFORNIA**

13

14  UNITED STATES OF AMERICA,                 Case Number:  CV 13 2062  SI

15                   Plaintiff,               VERIFIED ANSWER OF CLAIMANTS,
                                              EBRAHIM POURA and VALINTIN
16  vs.                                       POURA, REAL PROPERTY OWNERS

17  REAL PROPERTY AND IMPROVEMENTS            Judge Susan Ilston
    LOCATED AT 2441 MISSION STREET, SAN       Complaint Filed on May 6, 2013
18  FRANCISCO, CALIFORNIA,                    Trial Date:  Not Set

19                   Defendant.

20

21

22                              **<u>ANSWER</u>**

23        Claimants EBRAHIM POURA and VALINTIN POURA (hereinafter THE POURAS), as

24  the real property owners of the property located at 2441 Mission Street, in the City and County of

25  San Francisco, California identified by assessor's parcel number (APN) 3610-026, by and through

26  their counsel, Answer the Complaint for Forfeiture as follows:

27

28

## JURISDICTION AND VENUE

1. Paragraph 1 is a legal conclusion to which no denial is necessary. To the extent a denial is necessary, THE POURAS deny the allegations of paragraph 1.

2. Paragraph 2 is a legal conclusion to which no denial is necessary. To the extent a denial is necessary, THE POURAS deny the allegations of paragraph 2.

3. Paragraph 3 is a legal conclusion to which no denial is necessary. To the extent a denial is necessary, THE POURAS deny the allegations of paragraph 3 except to admit that the real property is located in the City and County of San Francisco.

4. Paragraph 4 is a legal conclusion to which no denial is necessary. To the extent a denial is necessary, THE POURAS deny the allegations of paragraph 4.

## PARTIES AND INTERESTED PERSONS

5. THE POURAS admit that Plaintiff is the United States of America.

6. THE POURAS admit that Defendant is the real property and improvements located at 2441 Mission Street, San Francisco, California, San Francisco County, identified by assessor's parcel number (APN) 3610-026. THE POURAS further admit that the property is a one-story and mezzanine commercial building. THE POURAS further admit that the property is rented to a business known as Shambhala Healing Center. THE POURAS are informed and believe that Shambhala Healing Center operates a legally permitted marijuana dispensary. Other than these admissions, THE POURAS deny the remaining allegations within paragraph 6.

7. THE POURAS are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7, and on that basis deny each allegation contained therein. THE POURAS do admit that they are the legal owners of the real property located at 2441 Mission Street.

**FACTS**

8. In response to plaintiff's incorporation by reference at paragraph 8, THE POURAS incorporate by reference their answers to paragraphs 1 through 7 herein.

9. THE POURAS deny the allegations of paragraph 9 as they understand that Shambhala Healing Center is a licensed medical dispensary.

10. THE POURAS are without sufficient knowledge or information to admit or deny the allegations of paragraph 10, but believe the owners to be Khadar Al Shawa and Vivian Al Shawa.

11. THE POURAS lack sufficient information to admit or deny the allegations in paragraph 11 of plaintiff's complaint. THE POURAS are informed and believe that Shambhala Healing Center is a licensed medical marijuana dispensary, and therefore in compliance with applicable law.

12. THE POURAS admit receiving a letter from the United States Government in February of 2012. The remaining allegations of paragraph 12 are legal conclusions to which no denial is necessary. To the extent a denial is necessary, THE POURAS deny the remaining allegations of paragraph 12.

13. THE POURAS admit the allegations in paragraph 13.

14. THE POURAS lack sufficient information to admit or deny the allegations in paragraph 14 of plaintiff's complaint. THE POURAS are informed and believe that Shambhala Healing Center operates in part as a licensed medical marijuana dispensary in compliance with voter approved California Proposition 215 and Senate Bill 420. Other than these admissions, THE POURAS deny other allegations in paragraph 14.

15. THE POURAS deny the allegations contained in paragraph 15. THE POURAS are informed and believe that Shambhala Healing Center is a duly licensed medical marijuana dispensary in compliance with state and local law.

16. THE POURAS deny the allegations contained in paragraph 16. THE POURAS are informed and believe that Shambhala Healing Center is a duly licensed medical marijuana dispensary in compliance with state and local law.

## ANSWER TO CLAIM FOR RELIEF

17. In response to plaintiff's incorporation by reference at paragraph 17, THE POURAS incorporate by reference their answers to paragraphs 1 through 16 herein.

18. Paragraph 18 is a legal conclusion to which no denial is necessary. To the extent a denial is necessary, THE POURAS deny the allegations of paragraph 18.

19. Paragraph 19 is a legal conclusion to which no denial is necessary. To the extent a denial is necessary, THE POURAS deny the allegations of paragraph 19.

20. Paragraph 20 is a legal conclusion to which no denial is necessary. To the extent a denial is necessary, THE POURAS deny the allegations of paragraph 20.

21. Paragraph 21 is a legal conclusion to which no denial is necessary. To the extent a denial is necessary, THE POURAS deny the allegations of paragraph 21.

22. Paragraph 22 is a legal conclusion to which no denial is necessary. To the extent a denial is necessary, THE POURAS deny the allegations of paragraph 22.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

As and for a separate affirmative defense to Plaintiff's claim, THE POURAS allege that each and every claim for relief alleged fails to state facts sufficient to constitute a claim for relief.

//

//

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

As and for a separate affirmative defense to Plaintiff's claim, THE POURAS allege that each and every claim for relief alleged is barred by the applicable statute of limitations including but not limited to 19 U.S.C. §1621.

## THIRD AFFIRMATIVE DEFENSE
### (Laches)

As and for a separate affirmative defense to Plaintiff's claim, THE POURAS allege that each and every claim for relief alleged is barred by the doctrine of laches due to Plaintiff's unreasonable and inexcusable delay in commencing this action to the detriment of THE POURAS.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

As and for a separate affirmative defense to Plaintiff's claim, THE POURAS allege that each and every claim for relief alleged is barred by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

As and for a separate affirmative defense to Plaintiff's claim, THE POURAS allege that each and every claim for relief alleged is barred by the doctrine of Unclean Hands.

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver)

As and for a separate affirmative defense to Plaintiff's claim, THE POURAS allege that each and every claim for relief alleged is barred by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE
**(Excessive Fines)**

As and for a separate affirmative defense to Plaintiff's claim, THE POURAS allege that each and every claim for relief alleged is barred by the excessive fines clause of the Eighth Amendment to the United States Constitution.

## EIGHTH AFFIRMATIVE DEFENSE
**(Vindictive Prosecution)**

As and for a separate affirmative defense to Plaintiff's claim, THE POURAS allege that each and every claim for relief alleged is barred by the Vindictive Prosecution in violation of the equal protection and due process guarantees of United States Constitution.

## NINTH AFFIRMATIVE DEFENSE
**(Selective Prosecution)**

As and for a separate affirmative defense to Plaintiff's claim, THE POURAS allege that each and every claim for relief alleged is barred by the Selective Prosecution in violation of the equal protection and due process guarantees of United States Constitution.

## TENTH AFFIRMATIVE DEFENSE
**(Unconscionable Police Conduct)**

As and for a separate affirmative defense to Plaintiff's claim, THE POURAS allege that each and every claim for relief alleged is barred by the doctrine of Unconscionable Police Conduct in violation of the due process guarantees of United States Constitution.

### ELEVENTH AFFIRMATIVE DEFENSE
**(Violation of Due Process)**

As and for a separate affirmative defense to Plaintiff's claim, THE POURAS allege that each and every claim for relief alleged is barred as a violation of the due process guarantees of the Fifth and Fourteenth Amendments to the United States Constitution.

### TWELFTH AFFIRMATIVE DEFENSE
**(Violation of Equal Protection)**

As and for a separate affirmative defense to Plaintiff's claim, THE POURAS allege that each and every claim for relief alleged is barred as a violation of the equal protection guarantees of the Fifth and Fourteenth Amendments to the United States Constitution.

### THIRTEENTH AFFIRMATIVE DEFENSE
**(Unconstitutional Taking)**

As and for a separate affirmative defense to Plaintiff's claim, THE POURAS allege that each and every claim for relief alleged is barred as a violation of the Takings Clause of the Fifth Amendment to the United States Constitution.

### FOURTEENTH AFFIRMATIVE DEFENSE
**(Innocent Owner)**

As and for a separate affirmative defense to Plaintiff's claim, THE POURAS are the innocent owners of the res seized as the term is defined under 18 U.S.C. §983(d) in that upon learning of the conduct giving rise to the forfeiture, they did all that reasonably could be expected under the circumstances to terminate such use of the property and/or terminate the lease regarding the property.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Violation of 18 U.S.C. §983(g))

As and for a separate affirmative defense to Plaintiff's claim, THE POURAS allege that said forfeiture of the res seized would violate their rights under 18 U.S.C. §983(g).

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Impossibility)

THE POURAS further allege that they have done everything legally possible to comply with the Plaintiff's notification. Upon receipt of Plaintiff's letter in February 2012, THE POURAS by and through counsel notified their tenants Shambhala Healing Center that the United States Government indicated that Shambhala was operating in violation of federal law in that the location was within 1,000 feet of the Jose Coronado and Alioto Mini playgrounds.

The Shambhala Healing Center responded that the City and County of San Francisco issued all necessary permits and the playground issue had been resolved. Despite the lawful permit THE POURAS insisted that all marijuana related business cease and desist. Shambhala Healing Center initially refused. THE POURAS filed an unlawful detainer action. That action was resolved in May of 2012 by stipulation that Shambhala Healing Center would cease and desist from any marijuana related business. The tenants had a long term lease and stipulated that rent would continue to be paid.

Thereafter, in November 2012 Shambhala resumed operation of their lawfully permitted marijuana dispensary. THE POURAS filed to enforce the stipulation reached in May of 2012 and are currently litigating that unlawful detainer action. THE POURAS are pursuing all legal remedies available to them in an effort to comply with the government's notice.

//

WHEREFORE, THE POURAS pray as follows with respect to Plaintiff's complaint:

1. That Plaintiff take nothing by the complaint;

2. That the complaint be dismissed with prejudice, or alternatively, that judgment be entered in favor of THE POURAS;

3. That THE POURAS be awarded costs of suit and attorneys' fees; and

4. For any other and further relief as the Court may deem just and proper.


WHEREFORE, THE POURAS demand a jury trial in the above action.


Dated: June 24, 2013                THE LAW OFFICES OF ERIC M. SAFIRE


                                    ERIC M. SAFIRE,
                                    ATTORNEY FOR CLAIMANTS


### Service on Government Attorney

I hereby certify that a copy of the foregoing Notice of Claim; Verified Statement Identifying Interest was served, by mail, upon Assistant United States Attorney Arvon J. Perteet, 450 Golden Gate Avenue, 11th Floor, San Francisco, California, 94102.


Dated: June 24, 2013

                                    ERIC M. SAFIRE
                                    ATTORNEY FOR CLAIMANTS


VERIFIED ANSWER OF CLAIMANTS REAL PROPERTY OWNERS
9

**Verification by Claimants**

We, EBRAHIM POURA and VALINTIN POURA declare as follows:

We are the owners of the real property identified above. We have been the owners of the above described real property since approximately 1979.

We have read the foregoing Answer and Demand for Jury Trial and are familiar with its contents. The facts set forth therein are true and correct based on our personal knowledge. Where facts are set forth on information or belief, we believe the information to be true and correct.

We declare under penalty of perjury that the matters stated in it are true and correct to the best of our knowledge, information and belief. Executed on June ___, 2013, in Beverly Hills, California.


_____     /S/
EBRAHIM POURA


_____     /S/
VALINTIN POURA