1  Jesse A. Stout (State Bar No. 284544)
   Khurshid P. Khoja (State Bar No. 233866)
2  **GREENBRIDGE CORPORATE COUNSEL**
   425 Market Street
3  Suite 2200
   San Francisco, CA 94105-2482
4  Telephone:  (415) 955-2620
   Facsimile:  (415) 397-6309
5

6  *Attorneys for Claimant*
   RICK BARELA

7
8                    UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11
    UNITED STATES OF AMERICA,            **No.  CV 13 2062 SI**
12
                                         **VERIFIED ANSWER OF**
13            Plaintiff,                  **CLAIMANT RICK BARELA**

14            v.                          **DEMAND FOR JURY TRIAL**

15
    REAL PROPERTY AND IMPROVEMENTS       Judge:   The Hon. Jon S. Tigar
16  LOCATED AT 2441 MISSION STREET,
    SAN FRANCISCO, CALIFORNIA,           Trial Date:   None set
17
              Defendant.                 **Jury Trial Demanded**
18

19  RICK BARELA,
              Claimant.
20

21

22                          **ANSWER**

23       Claimant, RICK BARELA ("Claimant"), by and through undersigned counsel for

24  Claimant's Answer states as follows:

25                    **JURISDICTION AND VENUE**

26       1.       Paragraph 1 is a statement of law and/or legal conclusion to which no denial is

27

28



necessary.  To the extent a denial is necessary, Claimant denies the allegations of paragraph 1.

2.      Paragraph 2 is a statement of law and/or legal conclusion to which no denial is necessary.  To the extent a denial is necessary, Claimant denies the allegations of paragraph 2.

3.      Paragraph 3 is a statement of law and/or legal conclusion to which no denial is necessary.  To the extent a denial is necessary, Claimant denies the allegations of paragraph 3.

4.      Paragraph 4 is a statement of law and/or legal conclusion to which no denial is necessary.  To the extent a denial is necessary, Claimant denies the allegations of paragraph 4.

**PARTIES AND INTERESTED PERSONS**

5.      Claimant admits that the Plaintiff is the United States of America.

6.      Claimant admits that Defendant is real property located at 2441 Mission Street, San Francisco, California, San Francisco County, identified by assessor's parcel number 3610-026.  Claimant further admits that defendant real property is a one-story mezzanine commercial building.  Claimant admits that defendant real property is the business address for Shambhala Healing Center.  Claimant admits that Shambhala Healing Center distributes medical cannabis, an activity that is in compliance with the voter-approved Compassionate Use Act of 1996 (California Health & Safety Code § 11362.5) and California Senate Bill 420 (California Health & Safety Code §§ 11362.5-11362.83), among other laws.

7.      Claimant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7, and on that basis denies each allegation contained therein.

**FACTS**

8.      In response to Plaintiff's incorporation by reference, Claimant hereby incorporates

by reference Claimant's answers to paragraphs 1 through 7 herein.

9.     Claimant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9, and on that basis denies each allegation contained therein.

10.     Claimant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10, and on that basis denies each allegation contained therein.

11.     Claimant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11, and on that basis denies each allegation contained therein.

12.     Claimant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12, and on that basis denies each allegation contained therein.

13.     Claimant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13, and on that basis denies each allegation contained therein.

14.     Claimant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14, and on that basis denies each allegation contained therein.

15.     Claimant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15, and on that basis denies each allegation contained therein.

16.     Claimant admits that Shambhala Healing Center continued to operate a medical

cannabis dispensary, an activity that is in compliance with the voter-approved Compassionate Use Act of 1996 (California Health & Safety Code § 11362.5) and California Senate Bill 420 (California Health & Safety Code §§ 11362.5-11362.83), among other laws, as of the date of the filing of the Complaint.

## ANSWER TO CLAIM FOR RELIEF

17.     In response to plaintiff's incorporation by reference, Claimant hereby incorporates by reference Claimants answers to paragraphs 1 through 17 herein.

18.     Paragraph 18 is a statement of law and/or legal conclusion to which no denial is necessary.  To the extent a denial is necessary, Claimant denies the allegations of paragraph 18.

19.     Paragraph 19 is a statement of law and/or legal conclusion to which no denial is necessary.  To the extent a denial is necessary, Claimant denies the allegations of paragraph 19.

20.     Paragraph 20 is a statement of law and/or legal conclusion to which no denial is necessary.  To the extent a denial is necessary, Claimant denies the allegations of paragraph 20.

21.     Paragraph 21 is a statement of law and/or legal conclusion to which no denial is necessary.  To the extent a denial is necessary, Claimant denies the allegations of paragraph 21.

22.     Paragraph 22 is a statement of law and/or legal conclusion to which no denial is necessary.  To the extent a denial is necessary, Claimant denies the allegations of paragraph 22.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

As and for a separate affirmative defense to Plaintiff's claim, Claimant alleges that each and every claim for relief alleged fails to state facts sufficient to constitute a claim for relief.



**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

As and for a separate affirmative defense to Plaintiff's claim, Claimant alleges that each and every claim for relief alleged is barred by the applicable statute of limitations including, but not limited to, 19 U.S.C. § 1621.

**THIRD AFFIRMATIVE DEFENSE**

**(Laches)**

As and for a separate affirmative defense to Plaintiff's claim, Claimant alleges that each and every claim for relief alleged is barred by the doctrine of laches due to Plaintiff's unreasonable and inexcusable delay in commencing this action, to the detriment of Claimant.

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

As and for a separate affirmative defense to Plaintiff's claim, Claimant alleges that each and every claim for relief alleged is barred by the doctrine of estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

As and for a separate affirmative defense to Plaintiff's claim, Claimant alleges that each and every claim for relief alleged is barred by the doctrine of Unclean Hands.



1

2

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

As and for a separate affirmative defense to Plaintiff's claim, Claimant alleges that each and every claim for relief alleged is barred by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

### (Excessive Fines)

As and for a separate affirmative defense to Plaintiff's claim, Claimant alleges that each and every claim for relief alleged is barred by the excessive fines clause of the Eighth Amendment to the United States Constitution.

## EIGHTH AFFIRMATIVE DEFENSE

### (Vindictive Prosecution)

As and for a separate affirmative defense to Plaintiff's claim, Claimant alleges that each and every claim for relief alleged is barred by the doctrine of Vindictive Prosecution in violation of the equal protection and due process guarantees of the United States Constitution.

## NINTH AFFIRMATIVE DEFENSE

### (Selective Prosecution)

As and for a separate affirmative defense to Plaintiff's claim, Claimant alleges that each and every claim for relief alleged is barred by the doctrine of Selective Prosecution in violation of the equal protection and due process guarantees of the United States Constitution.

ANSWER OF CLAIMANT
*United States v. Real Property Improvements., CV 13-2062 SI*



**TENTH AFFIRMATIVE DEFENSE**

**(Unconscionable Police Conduct)**

As and for a separate affirmative defense to Plaintiff's claim, Claimant alleges that each and every claim for relief alleged is barred by the doctrine of Unconscionable Police Conduct in violation of the due process guarantees of the United States Constitution.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Violation of Due Process)**

As and for a separate affirmative defense to Plaintiff's claim, Claimant alleges that each and every claim for relief alleged is barred as a violation of the due process guarantees of the Fifth and Fourteenth Amendments to the United States Constitution.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Violation of Equal Protection)**

As and for a separate affirmative defense to Plaintiff's claim, Claimant alleges that each and every claim for relief alleged is barred as a violation of the equal protection guarantees of the Fifth and Fourteenth Amendments to the United States Constitution.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Another Action Pending)**

As and for a separate affirmative defense to Plaintiff's claim, Claimant alleges that each and every claim for relief alleged is barred as other actions related to the same nucleus of operative facts and legal rights is currently pending.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unconstitutional Taking)

As and for a separate affirmative defense to Plaintiff's claim, Claimant alleges that each and every claim for relief alleged is barred as a violation of the takings clause of the Fifth Amendment to the United States Constitution.

## FIFTEENTHAFFIRMATIVE DEFENSE

### (Violation of Tenth Amendment—

### Commandeering State Officials to Enforce Federal Law)

As and for a separate affirmative defense to Plaintiff's claim, Claimant alleges that each and every claim for relief alleged is barred as a violation of the Tenth Amendment to the United States Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unknown Defense)

Claimant presently has insufficient knowledge or information as to whether it may have additional, yet unasserted, affirmative defenses.  Claimant, therefore, reserves the right to assert additional affirmative defenses in the event discovery or further proceedings indicate such defenses would be appropriate.

WHEREFORE, Claimant prays as follows with respect to Plaintiff's complaint:

1.   That Plaintiff take nothing by the complaint;

2.  That the complaint be dismissed with prejudice, or alternatively, that judgment be

entered in favor of Claimant.

3.  That Claimant be awarded costs of suit and attorneys' fees; and

4.  For any other and further relief as the Court may deem just and proper.

Dated: July 29, 2013                              GREENBRIDGE CORPORATE COUNSEL


                                        By:    /s/ Jesse A. Stout
                                               JESSE A. STOUT
                                               *Attorneys for Claimant*
                                               RICK BARELA


## JURY DEMAND

WHEREFORE, Claimant demands a jury trial in the above action.


Dated: July 29, 2013                              GREENBRIDGE CORPORATE COUNSEL


                                        By:    /s/ Jesse A. Stout
                                               JESSE A. STOUT
                                               *Attorneys for Claimant*
                                               RICK BARELA

ANSWER OF CLAIMANT
*United States v. Real Property Improvements., CV 13-2062 SI*



1

2

**CERTIFICATE OF SERVICE**

3

        I certify that copies of the above document was served electronically on July 29, 2013on counsel of record in compliance with Federal Rule of Civil Procedure 5 and the local rules of the Northern District, by use of the Court's ECF system.

4

5

6                                                    /s/ Jesse A. Stout
                                                     Jesse A. Stout

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF CLAIMANT
*United States v. Real Property Improvements., CV  13-2062 SI*

