**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 13-2062 SI |
| Plaintiff, | **ORDER DENYING CLAIMANT'S MOTION TO STRIKE** |
| v. | |
| REAL PROPERTY AND IMPROVEMENTS LOCATED AT 2441 MISSION STREET, SAN FRANCISCO, CALIFORNIA, | |
| Defendant. | |

This is an *in rem* action for forfeiture of real property pursuant to 21 U.S.C. § 881(a)(7). Claimant Shambhala Healing Center ("SHC") has filed a motion to strike portions of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(f). The United States has filed an opposition to which claimant has replied. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without additional argument and VACATES the August 30, 2013 hearing. Having considered the parties' papers, and for good cause shown, the Court DENIES claimant's motion for the reasons set forth below.

**BACKGROUND**

The United States alleges that SHC operates a marijuana store on the real property located at 2441 Mission Street, San Francisco, California, in violation of 21 U.S.C. § 841(a) and 21 U.S.C. § 856. Comp. ¶¶ 6, 18-21. As a result of this unlawful use, the United States alleges that the property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7). *Id.* ¶ 21. Ebrahim and Valintin Poura are the owners of the real property at issue. *Id.* ¶ 7. Kristine Keifer and Khadar Al Shawa are the alleged proprietors

of SHC located on the Poura's property. *Id.* ¶¶ 9-10.

On May 6, 2013, the United States filed a notice of forfeiture. Thereafter, numerous parties, including SHC, filed claims asserting interest in the property and contesting forfeiture. Claimant SHC alone has filed a motion to strike portions of the complaint, asserting that two paragraphs in the complaint are immaterial and irrelevant.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(f) provides that a court may, on its own or on a motion,"strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Immaterial matter is that which "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotation and citation omitted), *rev'd on other grounds by*, 510 U.S. 517 (1994). Impertinent matter is defined as "statements that do not pertain, and are not necessary, to the issues in question." *Id.* Motions to strike are generally disfavored. *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001).

**DISCUSSION**

SHC seeks to strike the following two paragraphs in plaintiff's complaint:

11. Jose Coronado Playground is in a public park on the corner of 21st Street and Folsom Street in San Francisco. Alioto Mini Park is a public park on the corner of 20th Street and Capp Street in San Francisco. Shambhala, which is located at 2441 Mission Street, is within 1000 feet of both Jose Coronado Playground and Alioto Mini Park.

13. On or about May 29, 2012, Ebrahim Poura, on behalf of the property owners, and Khadar El (sic) Shawa (dba as [sic] Shambhala) entered into an agreement to cease and desist from the operation of a marijuana dispensary at the defendant real property on or before July 1, 2012.

Compl. ¶¶ 11, 13. SHC contends that the location of nearby parks and SHC's alleged prior agreements with its landlord to cease operations have nothing to do proving plaintiff's sole claim, violation of 21 U.S.C. § 881(a)(7). SHC notes that to prove such a violation, plaintiff must show that the subject property "was used or intended to be used, to commit or facilitate the commission of the distribution,

cultivation and possession with the intent to distribute and cultivate marijuana." *See* 21 U.S.C. § 881(a)(7). Proximity to a park or school and adherence to a private landlord-tenant agreement, SHC argues, are not elements of that offense or material to any elements. Instead, SHC asserts that allegations that it operates near children and that SHC has a history of breaching agreements are intended to be prejudicial and inflammatory.

Plaintiff opposes the motion to strike, arguing that both allegations are material to the case. In answering the complaint, claimants Ebrahim and Valintin Poura have asserted an excessive fines affirmative defense. *See* Dkt. 17 at 6. Thus, plaintiff argues that the facts concerning proximity to children are material in that they are factors a court may properly consider when evaluating the gravity of the offense and claimant's excessive fines defense. *See United States v. $100,348 in U.S. Currency*, 157 F. Supp. 2d 1110, 1119 (C.D. Cal. 2001). With respect to the second allegation, plaintiff argues that the prior landlord-tenant agreement evidences that the parties were aware of the existence of the marijuana store. Such knowledge of the existence of the store is material to proving that the property is used or intended to be used for marijuana sale, as required by 21 U.S.C. § 881(a)(7).

The Court agrees with plaintiff.[1] Motions to strike are disfavored; and based on the facts as they exist at this early stage of the case, the Court finds no support for claimant's position that these allegations are so immaterial and irrelevant that they must be stricken.

# CONCLUSION

For the foregoing reasons, claimant's motion to strike is DENIED. This Order resolves Dkt. 18.

**IT IS SO ORDERED.**

Dated: August 20, 2013

SUSAN ILLSTON
United States District Judge

---

[1] Because the Court denies SHC's motion on the merits, the Court need not address plaintiff's argument that the motion should be stricken for failure to conform with the Civil Local Rules.