IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>REAL PROPERTY AND IMPROVEMENTS LOCATED AT 2441 MISSION STREET, SAN FRANCISCO, CALIFORNIA,<br><br>   Defendant.<br>_____/ | No. C 13-2062 SI<br><br>**ORDER DENYING MOTION TO QUASH** |

By the present discovery letters, claimant Shambhala Healing Center ("SHC") moves to quash a subpoena that was served by plaintiff United States on the California State Board of Equalization ("BOE"). For the reasons below, the Court denies the motion to quash.

**BACKGROUND**

This is an *in rem* action for forfeiture of real property pursuant to 21 U.S.C. § 881(a)(7). The United States alleges that SHC operates a marijuana store on the real property located at 2441 Mission Street, San Francisco, California, in violation of 21 U.S.C. § 841(a) and 21 U.S.C. § 856. Comp. ¶¶ 6, 18-21. As a result of this unlawful use, the United States alleges that the property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7). *Id.* ¶ 21. Ebrahim and Valintin Poura are the owners of the real property at issue. *Id.* ¶ 7. Kristine Keifer and Khader Al Shawa are the alleged proprietors of SHC, located on the Poura's property. *Id.* ¶¶ 9-10. On May 6, 2013, the United States filed a notice of forfeiture. Docket No. 2. Thereafter, numerous parties, including SHC, filed claims asserting interest in the property and contesting forfeiture. Docket Nos. 14, 19-25.

On September 24, 2013, the United States served a subpoena for documents on the BOE. The subpoena commanded the BOE to produce all records pertaining to SHC by October 23, 2013. Docket No. 48, Ex. 1. On November 6, 2013, counsel for the BOE informed the United States that it did not believe that service of the subpoena was proper. On November 8, 2013, the United States reserved the subpoena with a new compliance date of December 8, 2013. On December 6, 2013, SHC filed the present motion to quash the subpoena. Docket No. 46.

**LEGAL STANDARD**

"[P]re-trial discovery is ordinarily 'accorded a broad and liberal treatment.'" *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). A court must limit the scope of discovery when:

> (I) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C). A court may also limit discovery by issuing "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Pursuant to Federal Rule of Civil Procedure 45(a)(1)(D), a party may serve upon a non-party a subpoena, commanding the non-party to produce documents. Fed. R. Civ. P. 45(a)(1)(D). Upon receipt of the subpoena, the non-party may file a motion to quash or modify the subpoena with the issuing court. Fed. R. Civ. P. 45(d)(3); *S.E.C. v. CMKM Diamonds, Inc.*, 656 F.3d 829, 832 (9th Cir. 2011). "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the

documents sought."[1] *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973 (C.D. Cal. 2010). Under Rule 45(d)(3), the district court must quash or modify a subpoena that:

> (I) fails to allow a reasonable time to comply;
>
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3).

The party seeking to quash a subpoena bears the "burden of persuasion." *In re Apple Inc.*, 2012 U.S. Dist. LEXIS 66669, at *4 (N.D. Cal. May 2, 2012); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005). A district court "has wide discretion in controlling discovery" and "will not be overturned unless there is a clear abuse of discretion." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

## DISCUSSION

SHC argues that the subpoena should be quashed because it seeks SHC's tax records, and the United States has failed to demonstrate a compelling need for the requested documents. Docket No. 46. "Tax returns do not enjoy an absolute privilege from discovery." *Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975). Nevertheless, there is a public policy against the unnecessary public disclosure of tax records. *Id.* "Accordingly, the Court may only order the production of [a party's] tax returns if they are relevant and when there is a compelling need for them because the information sought is not otherwise available." *Aliotti v. Vessel Senora*, 217 F.R.D. 496, 497-98 (N.D. Cal. 2003). "'The party seeking production has the burden of showing relevancy, and once that burden is met, the burden shifts to the party opposing production to show that other sources exist from which the information is readily obtainable.'" *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D. Cal. 2006); *accord Dunfee v. Truman Capital Advisors, LP*, 2013 U.S. Dist.

---

[1] In its opposition, the United States does not challenge SHC's standing to move to quash the subpoena.

3

LEXIS 165936, at *10 (S.D. Cal. Nov. 20, 2013); *KeyBank Nat'l Ass'n v. Nielson*, 2011 U.S. Dist. LEXIS 55575, at *9 (D. Nev. May 24, 2011).

To prevail on its claim, the United States must prove a nexus between the defendant real property and the alleged marijuana trafficking violations. *See United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1149 (9th Cir. 2011) ("To achieve civil forfeiture, the government generally must prove, by a preponderance of the evidence, the culpability of the owner and a nexus between the property and the illegal activity."). Therefore, tax records related to the sales of marijuana at the defendant real property are relevant to the United States' claim. In addition, tax records showing the amount of marijuana sales that occurred at the defendant real property would be relevant to SHC's and other claimants' affirmative defense of excessive fines. *See United States v. Bajakajian*, 524 U.S. 321, 324 (1998) ("A punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense."); *United States v. Ferro*, 681 F.3d 1105, 1115 (9th Cir. 2012) ("In assessing whether a fine is excessive, th[e] court is 'not required to consider any rigid set of factors.'"). Accordingly, the United States has met its burden of showing relevancy.

SHC argues that the United States has failed to demonstrate a compelling need for the documents. Docket No. 46. However, it is SHC that bears the burden of showing that other sources exist from which the information is readily obtainable. *See A. Farber and Partners*, 234 F.R.D. at 191. SHC has failed to meet its burden. As explained by the United States, the requested documents are only possessed by SHC and the BOE. SHC has not stated that it would provide the United States with the requested records. Further, SHC has not stated that the requested information contained in the tax records can be found in other documents and that it would provide the United States with those other documents. Accordingly, the Court denies SHC's motion to quash and declines to issue a protective order.

4

# CONCLUSION

For the foregoing reasons, the Court DENIES SHC's motion to quash the subpoena. This Order resolves Docket Nos. 46 and 50.

**IT IS SO ORDERED.**

Dated: December 23, 2013

SUSAN ILLSTON
United States District Judge