IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>REAL PROPERTY AND IMPROVEMENTS LOCATED AT 2441 MISSION STREET, SAN FRANCISCO, CALIFORNIA,<br><br>        Defendant.<br>                                                / | No. C 13-2062 SI<br><br>**ORDER DENYING CLAIMANT SHAMBALA AND NON-PARTY SHAWA'S MOTION FOR A PROTECTIVE ORDER OR, IN THE ALTERNATIVE, FOR A STAY** |

Currently before the Court is a motion by claimant Shambala Healing Center ("SHC") and non-party Khader Al Shawa for a protective order prohibiting discovery pertaining to the principals of SHC from being used in any criminal proceedings, or in the alternative, to stay any such discovery.[1] The motion is scheduled to be heard on February 7, 2014. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. For the reasons below, the Court DENIES the motion.

**BACKGROUND**

This is an *in rem* action for forfeiture of real property pursuant to 21 U.S.C. § 881(a)(7). The United States alleges that SHC operates a marijuana store on the real property located at 2441 Mission

---

[1] The motion is entitled: "MOTION FOR ORDER TO STAY DISCOVERY PERTAINING TO PRINCIPALS OF SHAMBALA HEALING CENTER OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER PROHIBITING THE USE OF ANY SUCH DISCOVERY IN ANY CRIMINAL PROCEEDING." Docket No. 51 at 1. But, in the text of the motion, SHC and Mr. Shawa first request a protective order, and then, in the alternative, request a stay. *See id.* at 7-11.

Street, San Francisco, California, in violation of 21 U.S.C. § 841(a) and 21 U.S.C. § 856. Comp. ¶¶ 6, 18-21. As a result of this unlawful use, the United States alleges that the property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7). *Id.* ¶ 21. Ebrahim and Valintin Poura are the owners of the real property at issue. *Id.* ¶ 7. Kristine Keifer and Khader Al Shawa are the alleged proprietors of SHC, located on the Poura's property. *Id.* ¶¶ 9-10. On May 6, 2013, the United States filed a notice of forfeiture. Docket No. 2. Thereafter, numerous parties, including SHC, filed claims asserting interest in the property and contesting forfeiture. Docket Nos. 14, 19-25. Non-party Khader Al Shawa did not file a claim.

In November 2013, counsel for SHC and Mr. Shawa learned that the United States intended to notice the deposition of Mr. Shawa. Docket No. 51-1, Wykowski Decl. ¶ 2. Counsel for Mr. Shawa then requested that the United States provide Mr. Shawa with some form of immunity because his deposition would likely implicate his Fifth Amendment privilege against self-incrimination. *Id.* ¶¶ 3-5. The United States stated that it would not consider any type of immunity for Mr. Shawa. *Id.* By the present motion, SHC and Mr. Shawa move for a protective order limiting any discovery pertaining to the principals of SHC to be used solely for the purposes of conducting this litigation and not in connection with any criminal prosecution. Docket No. 51 at 7-8. In the alternative, SHC and Mr. Shawa move for a stay of any discovery pertaining to the principals of SHC. *Id.* at 8-11.

## DISCUSSION

**I.      Motion for Protective Order**

SHC and Mr. Shawa move for a protective order limiting any discovery pertaining to the principals of SHC to be used solely for the purposes of conducting this litigation and not in connection with any criminal prosecution. Docket No. 51 at 7-8. SHC and Mr. Shawa argue that a protective order is necessary because Mr. Shawa faces the dilemma of choosing between testifying fully and exposing himself to potentially incriminating admissions or asserting his Fifth Amendment rights and prejudicing SHC's ability to defend itself in the present action. *Id.* at 5-6. In response, the Government argues that there is no Fifth Amendment dilemma in the present action, because Mr. Shawa is not a party to the action, and SHC, the claimant in this action, is a corporation and does not possess a Fifth Amendment

2

privilege against self-incrimination. Docket No. 53 at 1.

The Fifth Amendment provides that "no person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The Ninth Circuit has explained that "[p]arties are free to invoke the Fifth Amendment in civil cases," *SEC v. Colello*, 139 F.3d 674, 677 (9th Cir. 1998), but "the Fifth Amendment does not forbid fact finders from drawing adverse inferences against a party who refuses to testify." *United States v. Solano-Godines*, 120 F.3d 957, 962 (9th Cir. 1997); *see also United States v. Taylor*, 975 F.2d 402, 404 (7th Cir. 1992) ("A party who asserts the privilege against self-incrimination must bear the consequence of lack of evidence."). This can create a tension in civil forfeiture proceedings. The Second Circuit has described this tension as follows:

> The tension between self-incrimination concerns and the desire to testify may be especially acute for a claimant in a civil forfeiture proceeding. In forfeiture, a claimant typically must prove that the defendant property was not used unlawfully or not derived from or traceable to criminal transactions, or else he must establish a statutory "innocent owner" defense. Yet the claimant is often subject to criminal prosecution based on the same alleged illegal behavior that supports the confiscation. The claimant thus "faces a dilemma: remain silent and allow the forfeiture or testify against the forfeitability of his property and expose himself to incriminating admissions."

*United States v. 4003-4005 5th Ave.*, 55 F.3d 78, 83 (2d Cir. 1995) (citations omitted).

"In view of this dilemma, appellate courts have held that upon a timely motion by the claimant, district courts should make special efforts to 'accommodate both the constitutional [privilege] against self-incrimination as well as the legislative intent behind the forfeiture provision.'" *Id.*; *see also United States v. Parcels of Land*, 903 F.2d 36, 44 (1st Cir. 1990) ("courts should strive to accommodate claimants' fifth amendment interests in forfeiture proceedings"). In determining the appropriate accommodation, district courts should seek out ways "that further the goal of permitting as much testimony as possible to be presented in the civil litigation, despite the assertion of the privilege." *4003-4005 5th Ave.*, 55 F.3d at 84. The nature and extent of the accommodation is left primarily to the district court's discretion. *Parcels of Land*, 903 F.2d at 44; *see also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (explaining that a district court "has wide discretion in controlling discovery" and "will not be overturned unless there is a clear abuse of discretion"). Under Federal Rule of Civil Procedure 26(c)(1)(B), a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" that "specif[ies] terms . . . for the

3

disclosure or discovery."

In arguing for the requested protective order, SHC and Mr. Shawa rely on two cases where the district court granted the claimant a similar protective order. *See, e.g.*, *Parcels of Land*, 903 F.2d at 44; *United States v. Approximately 1,170 Carats of Rough Diamonds*, 2007 U.S. Dist. LEXIS 51660, at *9-10 (E.D.N.Y. Jul. 17, 2007); *see also, e.g.*, *United States v. Hines*, 2012 U.S. Dist. LEXIS 149713, at *30-31 (E.D.N.Y. Oct. 17, 2012). However, in those cases, it was the claimant or the defendant, not a non-party to the action, that was asserting his rights under the Fifth Amendment. *See id.* Here, the claimant, SHC, is a corporation and, therefore, does not possess a Fifth Amendment privilege against self-incrimination. *See Braswell v. United States*, 487 U.S. 99, 102 (1988) ("[I]t is well established that [corporations] are not protected by the Fifth Amendment."). Therefore, the present action is distinguishable from those cases. Because SHC as a corporation has no right to remain silent, it does not face the dilemma of whether to remain silent and allow the forfeiture or testify against the forfeitability of its property and expose itself to incriminating admissions. *See In re 650 Fifth Ave. & Related Props.*, 2011 U.S. Dist. LEXIS 91363, at *20 (S.D.N.Y. Aug. 12, 2011). In addition, SHC's principals "face no such dilemma, either, because they have no claim to the properties the government seeks to forfeit." *Id.* Because the present action does not involve the dilemma described by the Second Circuit in *4003-4005 5th Ave*, and SHC does not possess a Fifth Amendment privilege against self-incrimination, the Court is not required to make special efforts to accommodate the claimant's constitutional privilege against self-incrimination. *See also Parcels of Land*, 903 F.2d at 44 (stating that it is the claimant's Fifth Amendment rights that the district court should strive to accommodate).

The Court recognizes that the principals' assertion of their Fifth Amendment rights could hinder SHC's ability to effectively defend itself in this action. But, SHC's situation is not "any more dire or unfair than that of any other party who cannot find witnesses to testify on his behalf. A criminal defendant on trial for his liberty—or even his life—is often faced with the problem that others involved in events related to the alleged crime will invoke the privilege rather than testify. Yet such a defendant would hardly be heard to complain that it is unfair for the government to try him before completing its investigation into or immunizing his potential witnesses." *650 Fifth Ave.*, 2011 U.S. Dist. LEXIS 91363, at *23-24. Moreover, the Court notes that the SHC's present circumstances are simply the result

4

of choosing the corporate form. "If '[a] party who chooses to assert the privilege against self-incrimination in a civil case must live with the consequences,' it is all the more true that a corporation must live with the consequences of the corporate form, one of which is the inability to claim the Fifth Amendment privilege on behalf of corporate officers." *650 Fifth Ave.*, 2011 U.S. Dist. LEXIS 91363, at *48 (citation omitted). Accordingly, exercising its sound discretion, the Court declines to issue the requested protective order.[2]

**II.   Motion for Stay**

In the alternative, SHC and Mr. Shawa move for a stay of any discovery pertaining to the principals of SHC. Docket No. 51 at 8-11. SHC and Mr. Shawa argue that a stay is justified as either a mandatory stay pursuant to 18 U.S.C. § 981(g)(2) or as a discretionary stay. *Id.* The United States argues that neither SHC nor its principals are entitled to a stay of discovery. Docket No. 53 at 4-5.

**A.   Mandatory Stay Under 18 U.S.C. § 981(g)(2)**

The stay provisions contained in 18 U.S.C. § 981(g) apply to civil forfeitures under section 881. 28 U.S.C. § 881(I). Under 18 U.S.C. § 981(g)(2),

> Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that—
>
> (A) the claimant is the subject of a related criminal investigation or case;
>
> (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and
>
> (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

Here, section 981(g)(2) does not mandate a stay of the proceedings. Mr. Shawa is not a claimant in this action, and, therefore, section 981(g)(2) is inapplicable to him. SHC is a claimant, but SHC does not possess a Fifth Amendment right against self-incrimination. *See Braswell*, 487 U.S. at 102, 105. Therefore, continuation of the forfeiture proceeding would not burden SHC's right against

---

[2] In its opposition, the United States argues that the motion for a protective order is untimely. Docket No. 53 at 6. Because the Court denies the motion on other grounds, the Court declines to address this additional argument.

5

self-incrimination. Accordingly, the Court DENIES the motion for a mandatory stay pursuant to 18 U.S.C. § 981(g)(2).

### B.   Discretionary Stay

"A court must decide whether to stay civil proceedings in the face of parallel criminal proceedings in light of the particular circumstances and competing interests involved in the case." *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). In determining whether to stay the proceedings, a court should consider (1) the extent to which the defendant's Fifth Amendment rights are implicated, (2) the interest of the plaintiff in proceeding expeditiously, (3) the burden the proceedings may impose on the defendant, (4) the convenience of the court and the efficient use of judicial resources, (5) the interests of persons not parties to the civil litigation, and (6) the interest of the public in the pending civil and criminal litigation. *Id.* at 902-03. The determination of whether to grant a stay pending the outcome of parallel criminal proceedings is reviewed for abuse of discretion. *Id.* at 902.

After reviewing the relevant factors, the Court declines to stay the action. All of the relevant factors, except for the third factor, weigh against a stay. As to the first factor, the claimant's Fifth Amendment rights are not implicated in the present action because as a corporation, SHC does not possess a Fifth Amendment privilege against self-incrimination. *See Braswell*, 487 U.S. at 102, 105; *see also, e.g.*, *C.E. Harris, Inc. v. IBEW Local 595*, 2013 U.S. Dist. LEXIS 170472, at *16-17 (N.D. Cal. Dec. 3, 2013) (denying motion to stay where the defendant is a corporation); *650 Fifth Ave.*, 2011 U.S. Dist. LEXIS 91363, at *18-48 (denying motion to stay where the claimant is a corporation). As to the second factor, the United States has an interest in the prompt resolution of this action. As to the third factor, the Court recognizes that the proceedings may impose a heavy burden on SHC because the principals' invocation of their Fifth Amendment rights could hinder SHC's ability to effectively defend itself. *See 650 Fifth Ave.*, 2011 U.S. Dist. LEXIS 91363, at *21-23. But, defendants are "often faced with the problem that others involved in events related to [an] alleged crime will invoke the privilege rather than testify." *Id.* at *23. As to the fourth factor, the action has been pending for almost nine months, "and the court ha[s] an interest in clearing its docket." *Molinaro*, 889 F.2d 899. As to the fifth

factor, the principals of SHC have an interest in invoking their Fifth Amendment rights, but they will be able to afford themselves of this right even if the action is not stayed. Thus, a stay is not necessary to protect their Fifth Amendment rights. As to the sixth factor, "the government and the public have an interest in proper enforcement of the forfeiture laws." *In re Phillips, Beckwith & Hall*, 896 F. Supp. 553, 558 (E.D. Va. 1995) (citing *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 679, 686-87 (1974)). Moreover, in the present case, criminal proceedings have not yet been instituted, and there is nothing in the record before the Court suggesting that indictments are imminent. The case for staying a civil proceeding is weak when no indictment has been returned. *Molinaro*, 889 F.2d at 903; *see also U.S. Commodity Futures Trading Com'n v. A.S. Templeton Group, Inc.*, 297 F. Supp. 2d 531, 534 (E.D.N.Y. 2003) ("Pre-indictment requests for a stay of civil proceedings are generally denied."). Accordingly, after weighing the above factors, the Court DENIES the motion for a discretionary stay.

## CONCLUSION

For the foregoing reasons, the Court DENIES the motion brought by SHC and Mr. Shawa. Docket No. 51.

**IT IS SO ORDERED.**

Dated: February 4, 2014

SUSAN ILLSTON
United States District Judge