IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>REAL PROPERTY AND IMPROVEMENTS LOCATED AT 2441 MISSION STREET, SAN FRANCISCO, CALIFORNIA,<br><br>    Defendant.<br>                                      / | No. C 13-2062 SI<br><br>**ORDER GRANTING CLAIMANT'S MOTION FOR AN ORDER CERTIFYING AN INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b) AND STAYING CASE PENDING RESOLUTION OF APPEAL** |

Currently before the Court is a motion by claimant Shambala Healing Center ("SHC") and non-party Khader Al Shawa for an order certifying an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and staying the case pending resolution of that appeal. Docket No. 62. For the reasons below, the Court GRANTS SHC's motion.

**BACKGROUND**

This is an *in rem* action for forfeiture of real property pursuant to 21 U.S.C. § 881(a)(7). The United States alleges that SHC operates a marijuana store on the real property located at 2441 Mission Street, San Francisco, California, in violation of 21 U.S.C. § 841(a) and 21 U.S.C. § 856. Comp. ¶¶ 6, 18-21. As a result of this unlawful use, the United States alleges that the property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7). *Id.* ¶ 21. Ebrahim and Valintin Poura are the owners of the real

property at issue.[1] *Id.* ¶ 7. Kristine Keifer and Khader Al Shawa are the alleged proprietors of SHC, located on the Poura's property. *Id.* ¶¶ 9-10. On May 6, 2013, the United States filed a notice of forfeiture. Docket No. 2. Thereafter, numerous parties, including SHC, filed claims asserting interest in the property and contesting forfeiture. Docket Nos. 14, 19-25. Non-party Khader Al Shawa did not file a claim.

In November 2013, counsel for SHC and Mr. Shawa learned that the United States intended to notice the deposition of Mr. Shawa. Docket No. 51-1, Wykowski Decl. ¶ 2. Counsel for Mr. Shawa requested that the United States provide Mr. Shawa with some form of immunity because his deposition would likely implicate his Fifth Amendment privilege against self-incrimination. *Id.* ¶¶ 3-5. The United States stated that it would not consider any type of immunity for Mr. Shawa. *Id.* On December 20, 2013, SHC and Mr. Shawa filed a motion for a protective order limiting any discovery pertaining to the principals of SHC to be used solely for the purposes of conducting this litigation and not in connection with any criminal prosecution or, in the alternative, for a stay of any discovery pertaining to the principals of SHC. Docket No. 51.

On February 4, 2014, the Court denied the motion for protective order. Docket No. 56. In denying the motion, the Court noted that in light of the Fifth Amendment dilemma many claimants face in civil forfeiture proceedings, appellate courts have held that district courts should make special efforts to accommodate both the constitutional privilege against self-incrimination as well as the legislative intent behind the forfeiture provision. *Id.* at 3 (citing *United States v. 4003-4005 5th Ave.*, 55 F.3d 78, 83 (2d Cir. 1995); *United States v. Parcels of Land*, 903 F.2d 36, 44 (1st Cir. 1990)); *see also United States v. $133,420.00 in United States Currency*, 672 F.3d 629, 643 (9th Cir. 2012). The Court held, however, that it was not necessary to make an accommodation in the present case because (1) SHC, as a corporation, has no Fifth Amendment privilege against self-incrimination, and (2) although the principals of SHC possess a Fifth Amendment privilege, they have no claim to the property at issue in the case. *Id.* at 4. The Court recognized that the principals' assertion of their Fifth Amendment rights

---

[1] At a settlement conference on March 27, 2014 before Magistrate Judge Spero, a settlement was reached between the United States and the property owners Ebrahim and Valintin Poura. Docket No. 71. Subsequently, the parties filed a stipulated settlement for judgment of forfeiture. Docket No. 76.

2

could hinder SHC's ability to defend itself in the action, but explained that the situation is simply the result of choosing the corporate form. *Id.* at 4-5. By the present motion, SHC and Mr. Al Shawa move for an order certifying the February 4, 2014 order for interlocutory appeal and staying the case pending resolution of the appeal. Docket No. 62.

## LEGAL STANDARD

Normally, interlocutory orders, such as orders pertaining to discovery, are not immediately appealable. *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). However, 28 U.S.C. § 1292(b) permits a district court to certify an order for interlocutory appellate review where the order involves (1) "a controlling question of law;" (2) "as to which there is substantial ground for difference of opinion;" and (3) where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *accord In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). "[T]he party pursuing the interlocutory appeal bears the burden of . . . demonstrating" that all three requirements have been met. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Moreover, "[c]ertification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met." *Id.*

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James*, 283 F.3d at 1067 n.6. Accordingly, section 1292(b) is "to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Cement Antitrust Litig.*, 673 F.2d at 1026.

## DISCUSSION

### I.   Controlling Question of Law

An issue is "controlling" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *Cement Antitrust Litig.*, 673 F.2d at 1026. Here, the Court's prior order denying the requested protective order involved a controlling question of law. Specifically, the Court's prior order held that it was not required to make special efforts to accommodate SHC's or its principals' Fifth Amendment rights because SHC does not possess a Fifth Amendment privilege and

3

its principals are not claimants in the present action. Docket No. 56 at 4-5. The United States argues that the decision to grant a protective order is discretionary and, therefore, the Court's order denying the protective order did not involve a controlling question of law. Docket No. 66 at 3-4. However, the United States fails to recognize that the Court's prior order was not resolved through an exercise of the Court's discretion. Rather, the denial of the motion for a protective order turned on the Court's legal determination that it was not required to provide an accommodation because the claimant, as a corporation, does not possess a Fifth Amendment privilege, and its principals were non-parties in the action. *See* Docket No. 56 at 4-5. Whether a district court applied the correct legal standard in determining whether to grant a protective order is a legal issue that is reviewed de novo by the Ninth Circuit. S*ee Phillips v. GMC*, 307 F.3d 1206, 1210 (9th Cir. 2002). Indeed, the Ninth Circuit has accepted interlocutory appeals from district court orders involving whether to grant a protective order. *See, e.g.*, *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). Moreover, the Supreme Court has explained that "[t]he preconditions for § 1292(b) review . . . are most likely to be satisfied when a privilege ruling involves a new legal question or is of special consequence, and district courts should not hesitate to certify an interlocutory appeal in such cases." *Mohawk Indus. v. Carpenter*, 558 U.S. 100, 110-11 (2009).

Further, resolution of this particular legal issue could materially affect the outcome of the litigation. As the Court noted in the prior order, the principals' assertion of their Fifth Amendment rights could hinder SHC's ability to effectively defendant itself in this action. *See Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976) ("[T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them . . . ."). Indeed, the United States has recently filed a motion for summary judgment in which it argues that it is entitled to summary judgment of the claimants' affirmative defenses. In the motion, the United States argues that because the claimants have asserted the Fifth Amendment privilege against self-incrimination, they cannot present any evidence to support their alleged defenses. Docket No. 69 at 7. Therefore, whether the Court is required to provide an accommodation in the form of the protective order requested by SHC could potentially be outcome dispositive in the present action. Accordingly, the Court concludes that the first requirement of § 1292(b) has been met in the present case.

4

## II.    Substantial Ground for Difference of Opinion

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch*, 611 F.3d at 633. "Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Id.* "A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) ("Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent."). "However, 'just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal.'" *Couch*, 611 F.3d at 633.

The controlling issue of law in the Court's prior order was a novel issue and presented a difficult question of first impression on which fair-minded jurists might disagree. The Court was unable to find any authority on the precise issue from the Ninth Circuit or any other court of appeals. There is some case law on the issue at the district court level, but it is sparse, and not all of it is in accord with the Court's prior order. *Compare In re 650 Fifth Ave. & Related Props.*, 2011 U.S. Dist. LEXIS 91363, at *21-27 (S.D.N.Y. Aug. 16, 2011) *with Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum Fin., Inc.*, 2009 U.S. Dist. LEXIS 60849, at *8 (E.D. Cal. Jul. 15, 2009) (rejecting plaintiff's argument "that no Fifth Amendment privilege is implicated by the case against defendant Triduanum. The law is clear that a corporation has no privilege against compulsory self-incrimination. Nevertheless, the Fifth Amendment rights of every director or officer who may speak on behalf of Triduanum are implicated, and thus, Triduanum is likely to be greatly prejudiced in it ability to meaningfully defend itself in the

1 civil matter." (citations omitted)).[2] Accordingly, the Court concludes that a substantial ground for
2 difference of opinion exists with respect to the controlling issue in the Court's prior order.

3 In its opposition, the United States argues that it is well settled that corporations are not entitled
4 to the constitutional privilege against self-incrimination. Docket No. 66 at 3 (citing *Braswell v. United
5 States*, 487 U.S. 99, 101 (1988)). However, this argument misstates the controlling issue in the Court's
6 prior order. The controlling issue was not whether SHC is entitled to the Fifth Amendment privilege
7 against self-incrimination, but whether the Court must provide an accommodation to SHC in the form
8 of a protective order in light of its principals' Fifth Amendment rights. This precise issue is far from
9 well settled and has not been addressed by any court of appeals. Accordingly, the Court concludes that
10 the second § 1292(b) requirement has been met in the present case.

**III.    Whether Immediate Appeal Would Materially Advance the Termination of the Litigation**

13 "This factor is closely related to the question of whether an issue of law is 'controlling' 'in that
14 the [district court] should consider the effect of a reversal . . . on the management of the case.'"
15 *Lakeland Vill.*, 727 F. Supp. 2d at 896. The Ninth Circuit has explained that section 1292(b) does not
16 require "that the interlocutory appeal have a final, dispositive effect on the litigation, only that it 'may
17 materially advance' the litigation." *Reese*, 643 F.3d at 688; *see also Ass'n of Irritated Residents v. Fred
18 Schakel Dairy*, 634 F. Supp. 2d 1081, 1093 (E.D. Cal. 2008) ("[T]he Ninth Circuit has not limited
19 1292(b) motions to actions where the question is dispositive of the entire action").

20 The Court concludes that an immediate appeal will materially advance the termination of the
21 litigation. As explained above, resolution of the present issue may potentially be outcome dispositive
22 of the action. Further, an immediate appeal would not only materially advance the termination of this
23 litigation, but other actions in this district. SHC correctly notes that there are at least three other pending
24 forfeiture cases in this district involving medical cannabis dispensaries. *See United States v. Real
25 Property located at 2366 San Pablo Avenue, Berkeley, CA*, No. 3:13-cv-2027-JST (N.D. Cal., filed May

---

[2] The United States argues that *Taylor, Bean & Whitaker* is distinguishable from the present case because two of the company's corporate officers in that case had been indicted. Docket No. 66 at 3. However, the above referenced language does not rely on the fact that two officers had been indicted.

6

2, 2013); *United States v. Real Property & Improvements Located at 1840 Embarcadero, Oakland, California*, No. 3:12-cv-3567-MEJ (N.D. Cal., filed Jul. 9, 2012); *United States v. Real Property and Improvements Located at 2106 Ringwood Avenue, San Jose, California*, No. 3:12-cv-3566-MEJ (N.D. Cal., filed Jul. 9, 2012). The United States does not contest SHC's contention that these cases will likely confront the exact same issue. Therefore, an immediate appeal would help resolve these additional forfeiture actions. Accordingly, the Court concludes that the third § 1292(b) requirement has been met in the present case.

**CONCLUSION**

In sum, all three § 1292(b) requirements for an interlocutory appeal have been met, and the present circumstances are among the exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation. *See Mohawk*, 558 U.S. at 110-11 ("The preconditions for § 1292(b) review . . . are most likely to be satisfied when a privilege ruling involves a new legal question or is of special consequence, and district courts should not hesitate to certify an interlocutory appeal in such cases."). Accordingly, the Court GRANTS SHC's motion. Pursuant to 28 U.S.C. § 1292(b), the Court CERTIFIES its February 4, 2014 order for interlocutory appeal to the Ninth Circuit.

In addition, the Court STAYS the action pending resolution of the appeal or until further order of the Court.[3] The Court further ORDERS that every 90 days from the date of this Order, SHC and the

---

[3] SHC and Mr. Al Shawa argue that a stay pending the interlocutory appeal would be appropriate because it will allow the Court and the parties to avoid investing unnecessary time and resources in the case. In its opposition, the United States does not address whether a stay would be appropriate if the Court certified the issue for interlocutory appeal.

A district court has authority to stay proceedings during interlocutory appeal pursuant to 28 U.S.C. § 1292(b) both under § 1292(b) itself and the court's inherent authority to manage its docket. *Asis Internet Services v. Active Response Group*, No. C 07-6211 TEH, 2008 U.S. Dist. LEXIS 117075, at *10 (N.D. Cal. Sep. 16, 2008). "When considering a stay pending appeal pursuant to § 1292(b), the Court has broad discretion to decide whether a stay is appropriate to 'promote economy of time and effort for itself, for counsel, and for litigants.'" *Id.* at *10-11. Here, a stay of the action pending the interlocutory appeal is appropriate because resolution of the issue will likely alter the direction of the current proceedings, and a stay would promote efficiency and economy of time for the Court and the litigants. *See Lakeland Vill. Homeowners Ass'n v. Great Am. Ins. Group*, 727 F. Supp. 2d 887, 897 (E.D. Cal. 2010); *Ritz Camera & Image, LLC v. SanDisk Corp.*, 2011 U.S. Dist. LEXIS 100335, at *9-10 (Sept. 7, 2011). Accordingly, the Court GRANTS SHC's motion to stay.

7

United States shall file a joint status report apprising the Court of any deadlines and hearing dates set by the Ninth Circuit in its appeal and shall file a final status report notifying the Court when the Ninth Circuit issues its decision.  Further, in light of the stay, the Court DENIES the United States' motion for summary judgment WITHOUT PREJUDICE to the United States refiling the motion once the stay has been lifted.  This order resolves Docket Nos. 62, 69.

**IT IS SO ORDERED.**

Dated: April 4, 2014

SUSAN ILLSTON
United States District Judge