1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
3  J. DOUGLAS WILSON (DCBN 412811)
   Chief, Criminal Division
4  ARVON J. PERTEET (CSBN 242828)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-6598
7       FAX: (415) 436-7234
        ARVON.PERTEET@USDOJ.GOV
8
9  Attorneys for the United States of America

10
                        UNITED STATES DISTRICT COURT
11
                       NORTHERN DISTRICT OF CALIFORNIA
12

13 | UNITED STATES OF AMERICA,            ) CASE NO. CV 13-2062 SI
                                          )
14 |     Plaintiff,                       ) [PROPOSED] ORDER OF JUDGMENT OF
                                          ) FORFEITURE AS TO THE OWNERSHIP
15 |   v.                                 ) INTEREST OF THE DEFENDANT REAL
                                          ) PROPERTY
16 | REAL PROPERTY AND IMPROVEMENTS       )
   | LOCATED AT 2441 MISSION STREET, SAN  )
17 | FRANCISCO, CALIFORNIA,               )
                                          )
18 |     Defendant.                       )
                                          )

19

20      Pursuant to the Stipulation of Judgment of Forfeiture filed herein, the Court finds:

21 1.   This is a civil action in rem to forfeit to the United States of America the real property and

22 improvements located at 2441 Mission Street, San Francisco, California, including any right, title, and

23 interest in the whole of any lot or tract of land , any appurtenances or improvements thereon (herein

24 after known as "defendant real property").

25 2.   On May 6, 2013, plaintiff filed a Verified Complaint For Forfeiture in rem against the defendant

26 real property seeking the forfeiture of the defendant real properties, alleging said real properties are

27 subject to forfeiture to the United States of America because the defendant real properties were used, or

28 intended to be used, in any manner or part, to commit, or to facilitate the commission of violations of 21

[PROPOSED] ORDER FOR STIPULATION FOR FINAL JUDGMENT OF FORFEITURE OF OWNERSHIP INTEREST
CV-13-2062 SI                                     1

U.S.C. §§ 841 and 856, offenses punishable by more than one year imprisonment and are therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7).

3. On May 6, 2013, the defendant real property was posted with a copy of the Complaint and Notice of Complaint in a manner consistent with the requirement of 18 U.S.C. § 985.

4. On May 7, 2013, in accordance with said Complaint, a *Lis Pendens* for the defendant real property was filed in the chain in the title. Notice of the filing of the *Lis Pendens* for the defendant real property was filed with the Court on July 19, 2013.

5. On June 10, 2013, Claimants filed a Verified Claim in this action. On June 24, 2013, Claimants filed Verified Answers in this action.

6. Claimants represent and warrant that they are the sole owners of the defendant real property.

7. On March 27, 2014, a settlement conference was held before United States Magistrate Judge Joseph C. Spero in San Francisco, California. A settlement was reached between the United States and the Claimants Ebrahim Poura and Valintin Poura, and thereupon the material terms were placed on the record in open court are fully referenced in the Stipulation for Final Judgment of Forfeiture as to the Ownership Interest of the Defendant Real Property filed herewith.

Based on the above findings, and the files and records of the Court, it is hereby

ORDERED AND ADJUGDED:

1. The Court adopts the Stipulation for Final Judgment of Forfeiture as to the Ownership Interest of the Defendant Real Property entered into by and between the parties.

2. That judgment is hereby entered against the Claimants Ebrahim Poura and Valintin Poura.

3. Claimants Ebrahim Poura and Valintin Poura agree to pay the United States the sum of $150,000.00 as substitute *res in lieu* of the defendant real property not later than January 27, 2015. Claimants shall send a cashier's check in the amount of $150,000.00 made payable to U.S. Marshals Service to the U.S. Attorney's Office, Attn: Arvon J. Perteet, AUSA, 450 Golden Gate Avenue, 11th Floor, San Francisco, California, 94102. Said $150,000.00 shall be substituted as the defendant real property herein, and shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law. It is contemplated, though not a condition herein, those Claimants may seek to refinance the defendant real property in order to satisfy the agreement herein. The United States

agrees to cooperate with the Claimants in any attempt to refinance the defendant property. The United States agree to tender to escrow a Withdrawal of *Lis Pendens*, to be recorded concurrently with payment to the United States of the full amount of the substitute *res*. Upon payment of the substitute *res* and satisfaction of the remaining terms of this agreement, the United States agrees to forego any further action against the Claimants' ownership interest in the defendant real property based on the facts alleged in the Verified Complaint.

4. The Claimants admit that the defendant real property is being used to facilitate the distribution of marijuana in violation of 21 U.S.C. § 856 and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7).

5. The Claimants agree to assist the United States in good faith, as needed against the remaining claimants involved in the above-captioned action or any related civil forfeiture action involving the tenants (Shambhala Healing Center, Inc.) of the defendant real property.

6. In the event the payment of the $150,000.00 is not made by January 27, 2015, as provided in paragraph 3 above and/or the Claimants fail to assist the United States as described in paragraph 5 above, the parties agree as follows:

   a. On January 28, 2015, all claimants' rights, title, and interests in the defendant real property shall be forfeited to the United States in full, pursuant to 21 U.S.C. § 881(a)(7) to be disposed of according to law.

   b. The U.S. Marshals Service shall list the defendant real properties for sale. The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker and shall have sole authority over the marketing and sale of the defendant real properties.

   c. The U.S. Marshals Service shall have the real properties appraised by a licensed appraiser of its choosing. The U.S. Marshals Service and the appraiser will be provided access to the defendant real properties and structures, buildings, or storage sheds thereon, upon 24 hours telephonic notice.

   d. If necessary, the U.S. Marshals Service, and the real estate broker or designee of the U.S. Marshals Service, shall have the right to put a "lock box" on the properties to facilitate the marketing and sale of the properties.

     e.    The following costs, expenses, and distributions shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

          (1)    The costs incurred by the U.S. Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

          (2)    Any unpaid real property taxes, which shall be prorated as of the date of entry of the Final Judgment of Forfeiture.

          (3)    A real estate commission not to exceed the U.S. Marshals Service contractual brokerage fee, and such costs of sale as the U.S. Marshals Service may incur, including, but not limited to, county transfer taxes.

     f.    The costs of a lender's policy of title insurance (CLTA policy) shall be paid for by the buyer.

     g.    All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant real properties.

     h.    Each party to this stipulation shall execute all documents necessary to satisfy this agreement.

7.    The Claimants hereby release the United States and its servants, agents, and employees, and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the arrest, seizure, or forfeiture of the defendant real properties. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said arrest, seizure, or forfeiture, as well as to those now known or disclosed. Claimants agree to waive the provisions of California Civil Code Section 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

8.    Claimants shall maintain the defendant real property in the same condition and repair as existed as of the date of the posting, normal wear and tear expected, until the $150,000.00 substitute *res* payment. The term "maintain" shall include, but is not limited to, keeping the properties free of hazard and structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power

1 facilities in good working condition and repair; keeping the property clean and performing such
2 necessary sanitation and waste removal; keeping the property in good condition by providing for lawn
3 and yard maintenance; and other ordinary and necessary items of routine maintenance.

4 9.     Until the $150,000.00 payment is made, Claimants shall maintain any and all loan payments and
5 insurance policies currently in effect with respect to the properties, including policies covering liability
6 to persons injured on said property and for property damage to the defendant real property.  Claimants
7 shall arrange for the inclusion of a rider to all of the above-mentioned policies naming the U.S. Marshals
8 Service as the secondary beneficiary of the insurance policy. The insurance policy limits shall be such
9 that, if a payout is made, the United States shall receive the full amount of the agreed upon substitute
10 *res*.

11 10.    Until Claimants have paid the $150,000.00 in full, Claimants shall not convey, transfer,
12 encumber, lien, or otherwise pledge the defendant real property without the prior, written approval of the
13 United States.

14 11.    In the event payment is not made by Claimants to the United States pursuant to this agreement,
15 and as such and paragraph 6 herein becomes effective, Claimants shall vacate the defendant real
16 properties within thirty (30) days after receiving notice that the defendant real property has been placed
17 for sale.  Claimants further shall remove all of his/it/their personal and business possessions, and the
18 including all vehicles, furniture, and trash, and to leave the property clean and in the same state of repair
19 as the property was on the date of posting of the instant Verified Complaint.  Any and all of Claimants'
20 personal and business possessions not removed within thirty (30) days of his receipt of notice that the
21 defendant real property has been placed on the market will be immediately deemed abandoned and will
22 be disposed of by the United States without further notice.  Claimants shall remove any fixtures from the
23 property. The failure to comply with this paragraph may result in the imposition of actual costs, attorney
24 fees, and sanctions, including contempt of court.

25 12.    That pursuant to the Stipulation of the parties, and the allegations set forth in the Complaint filed
26 May 6, 2013, the Court find that there was probable cause for the filing of the *lis pendens* on the
27 defendant real property, and the commencement and prosecution of this forfeiture action.  The Court
28 further finds pursuant to the Stipulation that the defendant real property is being used to facilitate the

distribution of marijuana in violation of 21 U.S.C. § 856 and is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7).

13. All parties will bear their own costs and attorney's fees.

14. The Court shall maintain jurisdiction to enforce the terms of this Final Judgment of Forfeiture of the Ownership Interest in the Defendant Real Property.

SO ORDERED THIS __7th__ day of __April_____, 2014

_____
SUSAN ILLSTON
United States District Judge