1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT

8                         NORTHERN DISTRICT OF CALIFORNIA

9
UNITED STATES OF AMERICA,              )   CASE NO. CV 13-2062  SI
10                                     )
            Plaintiff,                 )   AMENDED ORDER OF JUDGMENT OF
11                                     )   FORFEITURE AS TO THE OWNERSHIP
     v.                                )   INTEREST OF THE DEFENDANT REAL
12                                     )   PROPERTY
REAL PROPERTY AND IMPROVEMENTS         )
13   LOCATED AT 2441 MISSION STREET, SAN )
FRANCISCO, CALIFORNIA,                 )
14                                     )
            Defendant.                 )
15   _____)

16
17          Pursuant to the Stipulation of Judgment of Forfeiture filed herein, the Court finds:

18   1.     This is a civil action in rem to forfeit to the United States of America the real property and

19   improvements located at 2441 Mission Street, San Francisco, California, including any right, title, and

20   interest in the whole of any lot or tract of land , any appurtenances or improvements thereon (herein

21   after known as "defendant real property").

22   2.     On May 6, 2013, plaintiff filed a Verified Complaint For Forfeiture in rem against the defendant

23   real property seeking the forfeiture of the defendant real properties, alleging said real properties are

24   subject to forfeiture to the United States of America because the defendant real properties were used, or

25   intended to be used, in any manner or part, to commit, or to facilitate the commission of violations of 21

26   U.S.C. §§ 841 and 856, offenses punishable by more than one year imprisonment and are therefore

27   subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7).

28

3.      On May 6, 2013, the defendant real property was posted with a copy of the Complaint and Notice of Complaint in a manner consistent with the requirement of 18 U.S.C. § 985.

4.      On May 7, 2013, in accordance with said Complaint, a *Lis Pendens* for the defendant real property was filed in the chain in the title.  Notice of the filing of the *Lis Pendens* for the defendant real property was filed with the Court on July 19, 2013.

5.      On June 10, 2013, Claimants Ebrahim Poura and Valintin Poura ("Claimants") filed a Verified Claim in this action.  On June 24, 2013, Claimants filed Verified Answers in this action.

6.      Claimants represent and warrant that they are the sole owners of the defendant real property.

7.      On March 27, 2014, a settlement conference was held before United States Magistrate Judge Joseph C. Spero in San Francisco, California.  A settlement was reached between the United States and the Claimants Ebrahim Poura and Valintin Poura, and thereupon the material terms were placed on the record in open court.  These terms are fully referenced in the Stipulation for Final Judgment of Forfeiture as to the Ownership Interest of the Defendant Real Property filed herewith.

        Based on the above findings, and the files and records of the Court, it is hereby

        ORDERED AND ADJUGDED:

1.       The Court adopts the Stipulation for Final Judgment of Forfeiture as to the Ownership Interest of the Defendant Real Property entered into by and between the parties.

2.      That judgment is hereby entered against the Claimants Ebrahim Poura and Valintin Poura.

3.      Claimants Ebrahim Poura and Valintin Poura agree to pay the United States the sum of $150,000.00 as substitute *res in lieu* of the defendant real property not later than January 27, 2015. Claimants shall send a cashier's check in the amount of $150,000.00 made payable to U.S. Marshals Service to the U.S. Attorney's Office, Attn: Arvon J. Perteet, AUSA, 450 Golden Gate Avenue, 11th Floor, San Francisco, California, 94102.  Said $150,000.00 shall be substituted as the defendant real property herein, and shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law.  It is contemplated, though not a condition herein, that Claimants may seek to refinance the defendant real property in order to satisfy the agreement herein.  The United States agrees to cooperate with the Claimants in any attempt to refinance the defendant property.  The United States agrees to tender to escrow a Withdrawal of *Lis Pendens*, to be recorded concurrently with

1  payment to the United States of the full amount of the substitute *res*.  Upon payment of the substitute *res*

2  and satisfaction of the remaining terms of this agreement, the United States agrees to forego any further

3  action against the Claimants' ownership interest in the defendant real property based on the facts alleged

4  in the Verified Complaint.

5  4.    The Claimants admit that the defendant real property is being used to facilitate the distribution of

6  marijuana in violation of 21 U.S.C. § 856 and is therefore subject to forfeiture pursuant to 21 U.S.C. §

7  881(a)(7).

8  5.    The Claimants agree to assist the United States in good faith, as needed against the remaining

9  claimants involved in the above-captioned action or any related civil forfeiture action involving the

10 tenants (Shambhala Healing Center, Inc.) of the defendant real property.

11 6.    In the event the payment of the $150,000.00 is not made by January 27, 2015, as provided in

12 paragraph 3 above and/or the Claimants fail to assist the United States as described in paragraph 5

13 above, the parties agree as follows:

14     a.    On January 28, 2015, all claimants' rights, title,  and interests in the defendant real

15 property shall be forfeited to the United States in full, pursuant to 21 U.S.C. § 881(a)(7) to be disposed

16 of according to law.

17     b.    The U.S. Marshals Service shall list the defendant real properties for sale.   The U.S.

18 Marshals Service shall have sole authority to select the means of sale, including sale by internet or

19 through a licensed real estate broker and shall have sole authority over the marketing and sale of the

20 defendant real properties.

21     c.    The U.S. Marshals Service shall have the real properties appraised by a licensed appraiser

22 of its choosing.  The U.S. Marshals Service and the appraiser will be provided access to the defendant

23 real properties and structures, buildings, or storage sheds thereon, upon 24 hours telephonic notice.

24     d.    If necessary, the U.S. Marshals Service, and the real estate broker or designee of the U.S.

25 Marshals Service, shall have the right to put a "lock box" on the properties to facilitate the marketing

26 and sale of the properties.

27     e.    The following costs, expenses, and distributions shall be paid in escrow from the gross

28 sales price in the following priority and to the extent funds are available:

      (1)     The costs incurred by the U.S. Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

      (2)     Any unpaid real property taxes, which shall be prorated as of the date of entry of the Final Judgment of Forfeiture.

      (3)     A real estate commission not to exceed the U.S. Marshals Service contractual brokerage fee, and such costs of sale as the U.S. Marshals Service may incur, including, but not limited to, county transfer taxes.

f.     The costs of a lender's policy of title insurance (CLTA policy) shall be paid for by the buyer.

g.     All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant real properties.

h.     Each party to this stipulation shall execute all documents necessary to satisfy this agreement.

7.     The Claimants hereby release the United States and its servants, agents, and employees, and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the arrest, seizure, or forfeiture of the defendant real properties.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said arrest, seizure, or forfeiture, as well as to those now known or disclosed.  Claimants agree to waive the provisions of California Civil Code Section 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

8.     Claimants shall maintain the defendant real property in the same condition and repair as existed as of the date of the posting, normal wear and tear excepted, until the $150,000.00 substitute *res* payment.  The term "maintain" shall include, but is not limited to, keeping the properties free of hazard and structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the property clean and performing such

1  necessary sanitation and waste removal; keeping the property in good condition by providing for lawn
2  and yard maintenance; and other ordinary and necessary items of routine maintenance.

3  9.      Until the $150,000.00 payment is made, Claimants shall maintain any and all loan payments and
4  insurance policies currently in effect with respect to the properties, including policies covering liability
5  to persons injured on said property and for property damage to the defendant real property.  Claimants
6  shall arrange for the inclusion of a rider to all of the above-mentioned policies naming the U.S. Marshals
7  Service as the secondary beneficiary of the insurance policy. The insurance policy limits shall be such
8  that, if a payout is made, the United States shall receive the full amount of the agreed upon substitute
9  *res*.

10  10.     Until Claimants have paid the $150,000.00 in full, Claimants shall not convey, transfer,
11  encumber, lien, or otherwise pledge the defendant real property without the prior, written approval of the
12  United States.

13  11.     In the event payment is not made by Claimants to the United States pursuant to this agreement,
14  and as such and paragraph 6 herein becomes effective, Claimants shall vacate the defendant real
15  properties within thirty (30) days after receiving notice that the defendant real property has been placed
16  for sale.  Claimants further shall remove all of his/it/their personal and business possessions, and the
17  including all vehicles, furniture, and trash, and to leave the property clean and in the same state of repair
18  as the property was on the date of posting of the instant Verified Complaint.  Any and all of Claimants'
19  personal and business possessions not removed within thirty (30) days of his receipt of notice that the
20  defendant real property has been placed on the market will be immediately deemed abandoned and will
21  be disposed of by the United States without further notice.  Claimants shall remove any fixtures from the
22  property. The failure to comply with this paragraph may result in the imposition of actual costs, attorney
23  fees, and sanctions, including contempt of court.

24  12.     That pursuant to the Stipulation of the parties, and the allegations set forth in the Complaint filed
25  May 6, 2013, the parties stipulate that there was probable cause for the filing of the *lis pendens* on the
26  defendant real property, and the commencement and prosecution of this forfeiture action.  The parties
27  further stipulate pursuant to the Stipulation that the defendant real property is being used to facilitate the

28

1  distribution of marijuana in violation of 21 U.S.C. § 856 and is subject to forfeiture pursuant to 21

2  U.S.C. § 881(a)(7).

3  13.     All parties will bear their own costs and attorney's fees.

4  14.     The Court shall maintain jurisdiction to enforce the terms of this Final Judgment of Forfeiture of

5  the Ownership Interest in the Defendant Real Property.

6

7         SO ORDERED THIS 16th day of April, 2014

8

9

10        SUSAN ILLSTON
          United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28