UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$150,000.00 *RES IN LIEU* REAL PROPERTY AND IMPROVEMENTS LOCATED AT 2441 MISSION STREET, SAN FRANCISCO, CALIFORNIA,<br><br>Defendant. | Case No. 13-cv-02062-SI<br><br>**ORDER RE: SHAMBHALA HEALING CENTER, INC.'S 12(B)(1) MOTION TO DISMISS; PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT; STATUS OF LIS PENDENS**<br><br>Re: Dkt. Nos. 95, 99, 101, 104, 107, 121 |

On October 31, 2014, the Court heard argument on (1) claimant Shambhala Healing Center, Inc.'s ("SHC") motion to dismiss plaintiff's complaint, (2) plaintiff's motion to enforce settlement, (3) plaintiff's motion for summary judgment, (4) SHC's motion to deny or defer summary judgment, and (5) plaintiff's motion to strike customer claimants. On November 5, 2014, plaintiff filed a motion for leave to file an amended complaint, which has been fully briefed and is set for hearing on December 12, 2014. The Pouras have also renewed their request that the *lis pendens* be withdrawn by plaintiff pursuant to the Amended Order of Judgment entered by this Court.

Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter scheduled for hearing on December 12, 2014 is appropriate for resolution without oral argument and therefore **VACATES** the hearing. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby **GRANTS** SHC's motion to dismiss, **ORDERS** the Pouras to comply with plaintiff's subpoena, **ORDERS** plaintiff to withdraw the *lis pendens*, and **DENIES** all other motions as moot.

## BACKGROUND

On May 6, 2013, plaintiff the United States of America "("plaintiff") filed this *in rem* civil forfeiture action against defendant Real Property and Improvements Located at 2441 Mission Street, San Francisco, California ("Real Property"). Docket No. 1, Compl. at 1. In its complaint, plaintiff alleges that SHC operates a marijuana dispensary out of defendant Real Property. *Id*. at 2. Plaintiff alleges that SHC's use of defendant Real Property is in violation of 21 U.S.C. §§ 841(a) and 856, which plaintiff alleges prohibit the operation of marijuana dispensaries. *Id*. at 4. Plaintiff alleges that defendant Real Property is "subject to forfeiture" pursuant to 21 U.S.C. § 881(a)(7), which permits government seizure of any real property, including any right, title, and interest, when such property is used in violation of, *inter alia*, 21 U.S.C. §§ 841(a) and 856. *Id.* However, plaintiff has not physically seized defendant Real Property. *Id*. Instead, pursuant to 18 U.S.C. §§ 985(b)(1) and (c)(1), plaintiff notified the owners of defendant Real Property, Ebrahim and Valentin Poura ("the Pouras"), of this forfeiture action. *Id*. Plaintiff also recorded "a *lis pendens* in the county records to demonstrate the status of the defendant real property in this *in rem* action." *Id.*

On June 6, 2013, SHC filed a claim in this action asserting "an ownership interest" in defendant Real Property based on its leasehold interest in said property, and requesting that: (1) defendant Real Property not be forfeited to plaintiff; (2) SHC remain in possession of defendant Real Property; and (3) "the Court deny the relief requested in the complaint in its entirety." Docket No. 14, SHC's Claim at 1-2. On June 10, 2013, the Pouras filed a claim asserting their ownership of defendant Real Property. Docket No. 15, Pouras' Claim at 1-3. On June 24, 2013, the Pouras filed an answer to plaintiff's complaint requesting that defendant Real Property not be forfeited to plaintiff. Docket No. 17, Pouras' Answer at 9.

On March 27, 2014, plaintiff, the Pouras, SHC, and certain customer claimants attended a settlement conference. Docket No. 82, Amended Order of Judgment at 2. As a result of the

settlement conference, plaintiff reached a settlement agreement with the Pouras whereby the Pouras agreed to pay plaintiff $150,000 by "no later than January 27, 2015." *Id*. Upon payment of the $150,000, plaintiff agreed that the $150,000 would "be substituted as the defendant real property . . . [and] forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law." *Id.* On April 6, 2014, the terms of the settlement agreement became part of the Court's Amended Order of Judgment. *Id*. On or about September 15, 2014, the Pouras paid the $150,000 to plaintiff pursuant to the terms of the settlement agreement. Docket No. 104, Exh. 7, Email from A. Perteet to E. Safire dated 9/16/14. SHC has brought this instant motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Docket No. 107, SHC's Motion to Dismiss. SHC alleges that as a result of the Pouras' payment of the $150,000 to plaintiff, the defendant Real Property is no longer the defendant in this case. *Id*. at 4. SHC alleges that the defendant is now the $150,000 sum the Pouras paid to plaintiff "as substitute *res in lieu* of the defendant real property," pursuant to the terms of the settlement agreement. *Id*. Accordingly, SHC contends that this case should be dismissed for mootness because "no claimant to the action asserts a 'right, title or interest'" to the $150,000. Docket No. 107, SHC's Motion to Dismiss at 2. Thus, according to plaintiff, the Court no longer has subject matter jurisdiction because there is no longer an "actual case or controversy." *Id*.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. *See* Fed. R. Civ. Pro. 12(b)(1). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994) (citation omitted). "In resolving a Rule 12(b)(1) *factual* attack on jurisdiction, the district court may review evidence beyond the complaint without

converting the motion to dismiss into a motion for summary judgment." *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1236 (9th Cir.2008) (citation and internal brackets omitted). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When the complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In deciding a Rule 12(b)(1) motion, which mounts a factual attack on jurisdiction, "no presumption of truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Thornhill Pub. Co. v. Gen. Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (quoting *Mortensen v. First Fed. Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

The jurisdiction of federal courts depends on the existence of a "case or controversy" under Article III of the Constitution. *Pub. Utils. Comm'n v. Fed. Energy Regulatory Comm'n*, 100 F.3d 1451, 1458 (9th Cir.1996). Article III § 2 of the Constitution requires the existence of a "case" or "controversy" through all stages of federal judicial proceedings. *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477 (1990). Thus, a claim is moot if it has lost its character as a present, live controversy, and if no effective relief can be granted: "Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented." *See Flast v. Cohen*, 392 U.S. 83, 95 (1968). Similarly, "a dispute solely about the meaning of a law, abstracted from any concrete actual or threatened harm, falls outside the scope of the constitutional words 'Cases' and 'Controversies'." *Alvarez v. Smith*, 558 U.S. 87, 93 (2009) (citations omitted).

# DISCUSSION

## I.   The Court's Jurisdiction Exists Only as to the $150,000 Substitute *Res*

"A civil forfeiture proceeding under § 881 is an action *in rem*." *Republic Nat. Bank of Miami v. United States*, 506 U.S. 80, 84 (1992) (citation omitted).  In an *in rem* proceeding, the defendant is the property.  *United States v. $814,254.76 In U.S. Currency*, 51 F.3d 207, 211 (9th Cir. 1995) (citation omitted).  The defendant property is also referred to as the "*res*."  *See, e.g., United States v. All Funds in Account Nos. 747.034/278, 747.009/278, & 747.714/278 in Banco Espanol de Credito, Spain*, 295 F.3d 23, 25 (D.C. Cir. 2002).  "In exercising *in rem* jurisdiction, the court has authority over the property (the *res*) and may adjudicate claims of ownership."  *Id.*  In civil forfeiture proceedings, it is well established that the defendant real property may be substituted for a sum of money.  *See*, *e.g.*, *Republic National Bank of Miami*, 506 U.S. at 82-83; *United States v. Real Property Located at 22 Santa Barbara Drive*, 264 F.3d 860, 866-67 (9th Cir. 2001); *Ventura Packers, Inc. v. F/V Jeanine Kathleen*, 424 F.3d 852, 855 (9th Cir. 2005).  When a sum of money is substituted for the defendant property, the sum of money becomes the new defendant, also called the "substitute *res*," and the court maintains jurisdiction only over the "substitute *res*."  *See United States v. Sum of $70,990,605*, 991 F. Supp. 2d 144, 149 (D.D.C. 2013), *citing All Funds in Account Nos. 747.034/278, 747.009/278, & 747.714/278 in Banco Espanol de Credito, Spain*, 295 F.3d at 25 ("The Court's jurisdiction in an *in rem* action is over the seized funds themselves.  While exercising that jurisdiction, the court 'may adjudicate claims of ownership,' but the court's jurisdiction does not extend beyond those funds.").

In civil forfeiture proceedings, parties with "ownership or other [possessory] interests" in the *res* may intervene as "claimants" in order to "defend [their] right to the property against the government's claim."  *See United States v. One Parcel of Land*, 902 F.2d 1443, 1444 (9th Cir. 1990); *see also United States v. One 1985 Mercedes*, 917 F.2d 415, 419 (9th Cir. 1990) (citation omitted).  Thus, in civil forfeiture actions, claimants are essentially intervenors who voluntarily

become parties to the action. *See United States v. Contents of Accounts Numbers 3034504504 & 144-07143 at Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 971 F.2d 974, 978 (3d Cir. 1992). In order to intervene and assert a claim to the *res*, claimants must demonstrate an ownership or other possessory interest in the *res*. *See One Parcel of Land*, 902 F.2d at 1444.

SHC, as the possessor of a leasehold interest in the defendant Real Property, voluntarily joined this action in order to assert its claim to said Real Property. Docket No. 14, SHC's Claim. Thus, SHC's claim to the Real Property created a live "case or controversy" and conferred this Court with subject matter jurisdiction. *See Lewis*, 494 U.S. at 477 (federal jurisdiction requires a live "case" or "controversy" throughout entire litigation); *see also* One *Parcel of Land*, 902 F.2d at 1444 (claimant must have possessory interest in *res* in order to assert claim to *res*). However, now that the defendant Real Property has been substituted out of this action and replaced by the $150,000 sum the Pouras paid to plaintiff pursuant to the settlement agreement, neither SHC nor any of the other claimants asserts any interest in the *res*. Docket No. 107, SHC's Motion to Dismiss at 4.

SHC argues that the Court no longer has jurisdiction over the defendant Real Property because in an *in rem* action the court loses jurisdiction over the original *res* when it is substituted out for a sum of money. *Id.* at 7. SHC is correct that a court maintains jurisdiction only as to the *res* that is before it. *See Sum of $70,990,605*, 991 F. Supp. 2d at 149. Thus, if under the terms of the settlement agreement, the $150,000 became the new *res* in this action upon the Pouras' payment of the $150,000 to plaintiff, then this Court only has jurisdiction over claims to ownership of the $150,000 -- of which there are none. *Id.*

SHC contends that the terms of the settlement agreement unequivocally establish that the Pouras' timely payment of the $150,000 sum to plaintiff was all that was required to effectuate the change of *res* in this case from the Real Property to the $150,000 sum. Docket No. 107, SHC's Motion to Dismiss at 7, n.2. However, plaintiff contends that the settlement agreement required

6

that the Pouras do more than just pay plaintiff $150,000 in order for the *res* to become the $150,000 sum. Docket No. 113, Plaintiff's Opposition at 3. In its opposition to SHC's motion to dismiss, plaintiff implies that the *res* would continue to be the Real Property until the Pouras successfully satisfy the "remaining terms" of the settlement agreement. Docket No. 113, Plaintiff's Opposition at 3. Despite plaintiff's failure to specify what remaining terms the Pouras need to satisfy, the Court presumes that plaintiff was referring to the settlement agreement's paragraph five, which states that the Pouras shall "assist the United States in good faith, as needed against the remaining claimants involved" in this action. Docket No. 82, Amended Order for Final Judgment at 3. However, the Court finds that under the terms of the settlement agreement the original *res* was substituted out for the $150,000 sum as "substitute *res in lieu* of defendant real property" upon the Pouras' timely payment of the $150,000 to plaintiff – nothing more was required to effectuate the change of *res* in this action.

There are a number of passages from the settlement agreement which establish that the $150,000 sum became the *res* upon the Pouras' timely payment. First, there is paragraph three, which is cited by SHC in its motion to dismiss and by plaintiff in its opposition. *See* Docket No. 107, SHC's Motion to Dismiss at 3; Docket No. 113, Plaintiff's Opposition at 3. Paragraph three reads, in pertinent part, as follows:

> Claimants Ebrahim Poura and Valintin Poura agree to pay the United States the sum of $150,000 as substitute *res in lieu* of the defendant real property not later than January 27, 2015 . . . . Said $150,000 shall be substituted as the defendant real property herein, and shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law . . . . The United States agrees to tender to escrow a Withdrawal of *Lis Pendens*, to be recorded concurrently with payment to the United States of the full amount of the substitute *res*. Upon payment of the substitute *res* and satisfaction of the remaining terms of this agreement, the United States agrees to forego any further action against the Claimants' ownership interest in the defendant real property based on the facts alleged in the Verified Complaint.

Docket No. 82, Amended Order for Judgment at 2.

7

Paragraph three clearly shows that plaintiff agreed to withdraw the *lis pendens* "concurrently" with the Pouras' "payment of the full amount of the substitute *res*." *Id*. This is significant because plaintiff has never physically seized the defendant Real Property. Docket No. 1, Compl. at 4. Therefore, the *lis pendens* was essentially the only effective means by which plaintiff controlled the defendant Real Property.[1] *Id*. Thus, the withdrawal of the *lis pendens* shows that the plaintiff intended to release the Real Property from this action upon the Pouras' payment of the substitute *res*.

Additionally, the Court finds further indication of plaintiff's intent to release the defendant Real Property, upon the Pouras' timely payment, in the settlement agreement's paragraphs eight, nine, and ten. Docket No. 82, Amended Order of Judgment at 4-5. For example, paragraph eight provides that: "Claimants shall maintain the defendant real property in the same condition and repair as existed as of the date of the posting, normal wear and tear excepted, **until** the $150,000.00 substitute res payment." *Id.* at 4 (emphasis added). Additionally, paragraph nine provides that: "**[u]ntil** the $150,000.00 payment is made, Claimants shall maintain any and all loan payments and insurance policies currently in effect with respect to the properties, including policies covering liability to persons injured on said property and for property damage to the defendant real property." *Id.* at 5 (emphasis added). And paragraph ten provides that: "**[u]ntil** Claimants have paid the $150,000.00 in full, Claimants shall not convey, transfer, encumber, lien, or otherwise pledge the defendant real property without the prior, written approval of the United States." *Id.* (emphasis added). Thus, it is clear from the terms of the settlement agreement that not

---

[1] "While the *lis pendens* . . . was designed to give notice to third parties and not to aid plaintiffs in pursuing claims, the practical effect of a recorded *lis pendens* is to render a defendant's property unmarketable and unsuitable as security for a loan. A *lis pendens* notice acts as a cloud against the property, effectively preventing sale or encumbrance until the litigation is resolved or the *lis pendens* is expunged." *Castro v. Saxon Mortgage Servs., Inc.*, No. C 09-0030 PJH, 2009 WL 837589, at *2 (N.D. Cal. Mar. 27, 2009) (internal citations and quotation marks omitted).

only were plaintiffs to withdraw the *lis pendens* upon the Pouras' payment of the $150,000, but the Pouras were to regain complete control of the property, including the right to sell. *Id*. As such, the Court finds that the Pouras' timely payment of the $150,000 to plaintiff resulted in the release of the defendant Real Property and the substitution of the $150,000 sum as the new *res* in this case.

Plaintiff points to the last sentence in paragraph three of the settlement agreement as "language which clearly contradicts" SHC's assertion that the Real Property is no longer the *res* in this case. Docket No. 113, Opposition to Motion to Dismiss at 3. For purposes of clarity, that sentence is as follows:

> Upon payment of the substitute *res* and satisfaction of the remaining terms of this agreement, the United States agrees to forego any further action against the Claimants' ownership interest in the defendant real property based on the facts alleged in the Verified Complaint.

Docket No. 82, Amended Order of Judgment at 2.

Plaintiff suggests that this sentence be read expansively, and in isolation, to mean that plaintiff was to maintain control over the Real Property until the Pouras satisfied the conditions of the settlement agreement's paragraph five, which required the Pouras to continue to help plaintiff litigate against SHC. Docket No. 82, Amended Order of Judgment at 3. However, the Court will not read this sentence in isolation as plaintiff suggests. Instead, the Court reads this sentence in the context of the entire settlement agreement.[2]

As noted earlier, the terms of the settlement agreement clearly establish that the Real Property was released upon the Pouras' timely payment of the $150,000. Thus, the Court finds

---

[2] Plaintiff also contends that the Court maintains jurisdiction over SHC's leasehold interest in the Real Property because plaintiff and the Pouras agreed only to release the Pouras' ownership interest. Docket No. 113, Plaintiff's Opposition at 3-4. It is true that a leasehold interest may be the independent *res* in a civil forfeiture action. *See*, *e.g.*, *United States v. All Right, Title & Interest in Real Prop. & Appurtenances Thereto Known as 35 Fulling Ave., Tuckahoe, N.Y.*, 772 F. Supp. 1433, 1437 (S.D.N.Y. 1991). However, in this case the leasehold interest was only made part of this action by way of the Real Property. If plaintiff wanted to maintain an action against SHC's leasehold, they should not have substituted the Real Property out of this case.

that the last sentence of the settlement agreement's paragraph three merely establishes that plaintiff agreed to forego bringing *another* forfeiture action against the Pouras "based on the facts alleged in the Verified Complaint," only if the Pouras satisfied all the terms of the settlement agreement. *Id*. at 2. Accordingly, the Court finds that the Real Property was replaced as defendant (*res*) in this action by the $150,000 sum when the Pouras made their timely payment of the $150,000 to plaintiff.

Citing *Republic Nat. Bank of Miami v. United States*, 506 U.S. 80, 87 (1992), plaintiff argues that this Court maintains jurisdiction over the Real Property because, according to plaintiff, *in rem* jurisdiction remains throughout the course of a civil forfeiture action "so long as jurisdiction was properly obtained at the initiation of the action." Docket No. 113, Opposition to Motion to Dismiss at 4. Plaintiff's reliance on *Republic* is misplaced. In *Republic*, unlike in this case, the claimant continued to assert a claim to the substitute *res*. *See Republic Nat. Bank of Miami*, 506 U.S. at 89. Furthermore, unlike in this case, the government in *Republic* argued that the Court no longer had jurisdiction over the substitute *res* because the government transferred the substitute *res* out of the judicial district. *Id*. Ultimately, the *Republic* court held that an appellate court continues to have jurisdiction over the *res* even when the prevailing party has transferred the *res* out of the judicial district. *See Republic Nat. Bank of Miami*, 506 U.S. at 89. However, the *Republic* court did not hold, as plaintiff suggests, that jurisdiction can never be destroyed in an *in rem* action once it has been "properly obtained." *Id.* More specifically, the *Republic* court did not hold that jurisdiction remains even when no party asserts a claim to the *res* before the court. *Id.*

The only *res* in this action is the $150,000 sum. Here, unlike in *Republic*, neither SHC nor any other party asserts a claim to the substitute *res*. *See*, *e.g.*, Docket No. 108, Decl. of Jesse Stout at 3; Docket No. 109, Decl. of Al Shawa at 3. Therefore, the Court maintains jurisdiction only

10

over the $150,000 sum and can only adjudicate claims of ownership to said sum.[3] *See Sum of $70,990,605*, 991 F. Supp. 2d at 149. Thus, because no party to this action asserts a claim over the *res*, there is no "actual case or controversy" and this action must be dismissed for lack of subject matter jurisdiction on grounds of mootness. *See Flast v. Cohen*, 392 U.S. 83, 95 (1968).

Finally, the Court notes that the Department of Justice *Asset Forfeiture Policy Manual* ("DOJ Forfeiture Manual") establishes that the government is well aware that releasing a defendant real property from a civil forfeiture action and replacing it with a substitute *res* in the form of a sum of money "effectively moots any unsettled forfeiture claims against the released property." Department of Justice, *Asset Forfeiture Policy Manual*, Chap. 3: Settlements, Sec. VII.A. (2012). The DOJ Forfeiture Manual states in pertinent part:

> [T]he Government may accept and forfeit an agreed amount of money in lieu of seized forfeitable property. In a judicial forfeiture case, with court approval, the Government may also accept and forfeit an agreed amount of money in lieu of forfeitable property, including real estate, that has not been seized.
>
> Accepting and forfeiting a sum of money in place of directly forfeitable property and releasing the forfeitable latter property **effectively moots any unsettled forfeiture claims against the released property**. It is imperative, therefore, that all interests in the property be resolved before the property is released.

*Id.* (emphasis added).[4]

As such, SHC's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**. Furthermore, as discussed above, the Pouras' payment of the $150,000 sum imposed a duty on

---

[3] During the hearing on October 31, 2014, plaintiff appeared to argue that the court could concurrently maintain *in rem* jurisdiction over a substitute *res* and an original *res,* even where no party asserts a claim to the original or the substitute *res*. The Court invited plaintiff to provide the Court with case law supporting this argument, but plaintiff has not done so, and the Court has found no such authority in its own research.

[4] In its opposition to SHC's motion to dismiss, plaintiff appears to concede this point by acknowledging that SHC lacks standing in this action because it does not have a valid interest in the substitute *res*. Docket No. 113, Opposition to Motion to Dismiss at 5. ("Additionally, Shambhala states that it does not have an interest in the substitute *res* . . . . Therefore, Shambhala has no standing.").

11

plaintiff, under the terms of the settlement agreement, to withdraw the *lis pendens* currently encumbering the Real Property. The Court therefore **ORDERS** plaintiff to withdraw the *lis pendens* **no later than December 19, 2014**.

## II. Motion to Enforce Settlement

The settlement agreement requires the Pouras to "assist the United States in good faith, as needed against the remaining claimants involved in [this] action or any related civil forfeiture action involving the tenants (Shambhala Healing Center, Inc.) of the defendant real property." Docket No. 82, Amended Order of Judgment at 3. In the event that the Pouras fail to assist the United States as required, the Pouras must forfeit their ownership interest in the Real Property to plaintiff on January 28, 2015.[5] *Id.* Plaintiff contends in its motion that the Pouras have failed to "assist the United States" as required by the settlement agreement, and ask the Court to enforce the agreement, requiring the Pouras to forfeit their ownership interest in the Real Property.[6]

In April of 2014, Plaintiff contacted the Pouras to request that they produce "documentation of the payments for Rent made by Shambhala to the Pouras since March 2011." Docket No. 104, Plaintiff's Motion to Enforce Exh. 4 at 2. Since then, the parties have exchanged extensive correspondence on the matter. On September 8, 2014 plaintiff served a subpoena to produce documents on Mr. Poura. Mr. Poura responded on September 15, 2014, objecting to the production of documents, claiming that they "constitute records that are private and protected by Pouras' constitutional rights." *Id.* at Exh 1. As an alternative, the Pouras agreed to "stipulate to

---

[5] In response to the Pouras' argument that the motion is premature, plaintiff concedes that the it "is willing to have the Court enter an order forfeiting the ownership of the defendant real property to the United States on January 28, 2015." Plaintiff's Reply, Docket No. 114.

[6] While the Court no longer has *in rem* jurisdiction over the Real Property, the Court does have jurisdiction to enforce the terms of the settlement. *See TNT Mktg., Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986); Amended Order of Judgment at 6.

the total amount of rent received during any relevant time period." *Id.*  Mr. Poura also made himself available to be deposed on October 21 or 22, 2014.  Docket. No. 112, Pouras Opposition at 2.  While it appears that plaintiff is indeed interested in deposing Mr. Poura, it takes the position that failing to produce business records relating to SHC's rental payments violates the term of the settlement agreement requiring the Pouras to assist the United States.  Docket No. 104, Plaintiff's Motion at 4.

The Court agrees with plaintiff that the terms of the settlement agreement require the Pouras to produce the requested documents. However, the Pouras' position – that offering to be deposed in lieu of producing documents   constitutes "assistance in good faith" under the settlement agreement–was not an unreasonable interpretation of the terms of the settlement. The Court therefore declines to enter an order of forfeiture at this time. However, the Court ORDERS the Pouras to produce the requested documents to plaintiff **no later than December 19, 2015**.

///

///

///

# CONCLUSION

For the foregoing reasons and on the basis of the record before it, the Court hereby **GRANTS** SHC's motion to dismiss plaintiffs' Complaint for lack of subject matter jurisdiction and finds that the $150,000 sum has been substituted as the defendant in this matter in lieu of the former defendant Real Property pursuant to the settlement agreement. The Court **ORDERS** plaintiff to release the *lis pendens* currently recorded on the former defendant Real Property **no later than December 19, 2014**. The Court **ORDERS** the Pouras' to produce the records related to rental payments that plaintiff has requested no later than **December 19, 2014**. The Court's lack of jurisdiction over the former defendant Real Property moots the pending motions for summary judgment, to deny or defer summary judgment, to strike the customer claimants, and for leave to amend the Complaint. These motions are **DENIED** as moot. This order resolves Docket Nos. 95, 99, 101, 104, 107, and 121.

**IT IS SO ORDERED**.

Dated: December 8, 2014

SUSAN ILLSTON
United States District Judge